Commonwealth of Pennsylvania, Department of Environmental Resources *v.* New Enterprise Stone & Lime Co., Inc., Appellant.

390

Argued January 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John J. Dirienzo, Jr.,* with him *Joseph N. Cascio,* and *Fike, Cascio & Boose, P.A.,* for appellant.

*Dennis J. Harnish,* Special Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, July 2, 1976:

This is an appeal by the New Enterprise Stone & Lime Company, Inc. (New Enterprise) from an adjudication of the Environmental Hearing Board (EHB), dated June 18, 1975.

On August 25, 1971, the Department of Environmental Resources (DER) ordered New Enterprise to install air pollution control devices by April 1, 1974 on its equipment located at a certain limestone quarry in Jefferson Township, Somerset County, Pennsylvania. On April 15, 1974, however, New Enterprise and the DER entered into an agreement which extended the time for compliance with the DER order and further provided for a penalty of five hundred dollars for each week of operation after March 1, 1975 without compliance. Prior to March 1, 1975, New Enterprise requested the DER to modify the time for compliance contained in the agreement by granting another extension, which the DER refused to do,[1] and New Enterprise filed an appeal with the EHB on March 20, 1975. The issues were narrowed to whether or not the EHB had jurisdiction to review a refusal by the DER to modify its agreement with New Enterprise, and the EHB ruled that it did not have jurisdiction to review a dispute arising out of a DER "contract" (*i.e.*, the agreement here concerned). We affirm the EHB adjudication insofar as it denied the appeal; we do so, however, on the basis that the DER's refusal to modify the agreement was not appealable.

We review EHB adjudications to determine whether or not constitutional rights were violated or an error of law committed and "[t]he [EHB] must

---

[1] New Enterprise alleged in its petition to the EHB that efforts were made, without success, to obtain an extension of time through personal and telephone conferences with appropriate DER officials.

provide all of the procedural due process rights as set forth in the Administrative Agency Law." *East Pennsboro Township Authority v. Department of Environmental Resources,* 18 Pa. Commonwealth Ct. 58, 67, 334 A.2d 798, 803 (1975).

Section 1921-A of the Administrative Code (Code),[2] 71 P.S. §510-21, entitled "Environmental Hearing Board", provides *inter alia,* as follows:

"(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of the act of June 4, 1945 (P.L. 1388), known as the 'Administrative Agency Law' on any *order, permit, license* or *decision* of the Department of Environmental Resources.

. . . .

"(c) Anything in any law to the contrary notwithstanding, any action of the Department of Environmental Resources may be taken initially without regard to the Administrative Agency Law, but *no such action of the department adversely affecting any person* shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board; provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified." (Emphasis added.) (Footnote omitted.)

It is clear that New Enterprise has not appealed from the order to abate air pollution, nor has it appealed any matter regarding a permit or a license. New Enterprise contends, however, that the refusal by the DER to modify the agreement constituted an appealable "decision" of the DER and that this refusal falls within the following definition of DER "action":

---

2 Act of June 7, 1923, P.L. 498, *as amended,* 71 P.S. §1 et seq.

"Any order, decree, decision, determination or ruling by the department or local agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any person, including, but not limited to, denials, modifications, suspensions and revocations of permits, licenses and registrations; orders to cease the operation of an establishment or facility; orders to correct conditions endangering waters of the Commonwealth; and orders to construct sewers and treatment facilities; and orders to abate air pollution; and appeals from the complaints for the assessment of civil penalties."[3]

While we do not doubt that the DER can be said to have reached a decision not to modify its agreement with New Enterprise, we do not believe that such a decision, specifically one which does not result in any action being taken against a party and which does not, therefore, affect property rights, privileges, liabilities and other obligations, is an appealable "decision" within the concept of the statutory provision here involved. *Cf. Standard Lime & Refractories Co. v. Department of Environmental Resources,* 2 Pa. Commonwealth Ct. 434, 279 A.2d 383 (1971).[4] We note that, while the word "decision" is not defined in the Code, administrative agency laws generally refer to the term "decision", as including a determination which can be classified as quasi-judicial in nature and which affects rights or duties. 1 Am Jur 2d Administrative Law §138. Here, the refusal

---

[3] Title 25, Pennsylvania Code, Section 21.2.

[4] The DER had ordered the Standard Lime & Refractories Co. to comply with an air pollution abatement order by December 31, 1970, and to submit a proposed plan for compliance by October 1, 1970. Standard submitted its plan on September 21, 1970 and when the DER notified Standard by letter that its plan was unacceptable, Standard appealed to the EHB. The EHB refused to grant a hearing and we quashed the appeal to this Court on the basis that an appeal from the letter was premature.

by the DER to modify the outstanding agreement with New Enterprise lacks the elements which would suggest that a "decision" had been made in the technical sense of the word because the rights and obligations of New Enterprise have not been altered.[5] We believe, therefore, that the DER's determination was not appealable and that the EHB properly dismissed the appeal, although perhaps for the wrong reason.[6] In view of this decision, we need not answer the questions raised by New Enterprise concerning a prehearing conference and access to the EHB. We, therefore, issue the following

## ORDER

AND, Now, this 2nd day of July, 1976, the adjudication of the Environmental Hearing Board, dated June 18, 1975, is affirmed insofar as it dismissed the appeal by the New Enterprise Stone & Lime Company, Inc.

Judge KRAMER did not participate in the decision in this case.

---

[5] See, for example, Standard Lime & Refractories Co., supra, 2 Pa. Commonwealth Ct. at 440, 279 A.2d at 386, wherein we held that "[a] letter from a governmental department head that in his opinion the appellant has not complied and therefore the matter will be referred to the agency's counsel, is not an adjudication from which an appeal may be taken. If the agency decides to enforce the original order or penalize for its non-compliance, there is a new issue which will require a hearing and adjudication. Until the appellee takes some action, appellant should be concerned, but appellant is not yet an aggrieved party." (Emphasis added.)

[6] We note that the agreement refers to a consent order extending the time for compliance with the original order. The relationships between the agreement and the original and consent orders, however, and the enforcement thereof, are not presently before this Court. Due to our reasoning herein, we do not express an opinion as to whether or not the EHB has jurisdiction over contracts entered into between the DER and another, nor do we determine whether or not this agreement is a "contract."