Sharon Steel Corporation, Appellant *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Appellee.

608

Argued October 27, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*John McN. Cramer,* with him *Kerry Aline Kearney,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Richard S. Ehmann,* Assistant Attorney General, for appellee.

Opinion by Judge Blatt, February 24, 1977:

The Sharon Steel Corporation (Sharon) operates a basic steel producing facility located at Farrell, Pennsylvania. In order to discharge waste water into the nearby Shenango River, Sharon applied for and received a number of industrial waste permits from the Pennsylvania Department of Environmental Resources (DER), which is authorized to issue such permits under The Clean Streams Law.[1] Three such permits were issued in the period between March 1972 and August 1973, each containing limitations as to the amounts and types of industrial wastes that could be discharged into the river.

Under Section 402 of the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. §1342, Sharon was subsequently required to obtain a National Pollutant Discharge Elimination System (NPDES) permit from the United States Environmental Protection Agency (EPA) in order to continue its industrial discharge into the river. Pursuant to Section 401(a)(1) of the FWPCA, and as part of the permit application process, Sharon was required to furnish EPA with a certification from the State that the discharge would comply with the requirements of the FWPCA and all relevant State requirements.

On October 29, 1974, DER issued its certification for Sharon's NPDES permit to the EPA, which incorporated the permit conditions previously placed by DER on Sharon's permits obtained pursuant to The Clean Streams Law.

On June 16, 1975, Sharon filed an appeal with the Environmental Hearing Board (Board) from the conditions contained in the certification. DER filed a motion to quash the appeal as untimely. DER also

---

[1] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §691.1 et seq.

filed a petition to quash the appeal arguing that Sharon was now estopped from appealing these conditions because it had failed to appeal when they were initially imposed. The Board heard argument, considered briefs filed by the parties and subsequently issued an adjudication dealing primarily with DER's petition to quash, ordering that the portion of Sharon's appeal concerning the discharge conditions imposed in the Clean Streams permit be quashed. This appeal followed.

Our scope of review of an adjudication of the Environmental Hearing Board is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or whether findings of fact are supported by substantial evidence. *See Department of Environmental Resources v. New Enterprise Stone & Lime Co., Inc.,* 25 Pa. Commonwealth Ct. 389, 359 A.2d 845 (1976). We believe that the Board here committed an error of law in not determining whether or not Sharon's appeal had been timely filed. We must, therefore, reverse and remand for a hearing on the matter.

Section 21.21 of the Rules of Practice and Procedure of the Department of Environmental Resources, 25 Pa. Code §21.21, provides in pertinent part:

(a) In cases where Appeals are authorized by statute or regulation of the Department, such Appeal shall be in writing and *shall be filed with the board thirty (30) days from the date of receipt of written notice* of an action of the Department or local agency. (Emphasis added.)

Sharon filed its appeal with the Board on June 16, 1975. Under the thirty-day rule of Section 21.21, this appeal was timely only if Sharon received written no-

tice of the certification from DER on or after May 14, 1975.[2]

In its adjudication here, the Board made the following finding of fact:

6. The certification in question was issued to EPA by DER on or about October 29, 1974. James McCauley, Vice-President of Sharon, received from DER a copy of said certification *subsequent to October 29, 1974 and prior to May 14, 1975.* Sharon also received a copy of the said certification from EPA on or about May 14, 1975. (Emphasis added.)

While the literal wording of this finding suggests that the appeal was untimely, for it states that Sharon's vice-president received a copy of the certification "prior to May 14, 1975," the Board did not hear evidence on this question and apparently based this Finding 6 on various pleadings filed by the parties. Our careful examination of the record, however, reveals that the *actual* time at which Sharon received notice of the certification is a fact which was and still is in dispute. Moreover, the portion of the Board's adjudication dealing with the timeliness of Sharon's appeal is inconsistent with Finding No. 6 in that it states that the appeal *had* been timely filed. Because we believe that this dispute must be resolved at an evidentiary hearing before the Board, we will remand for that purpose. The importance of this determination cannot be understated, because the Board would have

---

[2] The thirty-day period *from* May 14, 1975 would have run to and included Friday, June 13, 1975. June 13 was considered a legal holiday of the Commonwealth and June 14 and 15 were Saturday and Sunday, respectively. Under the provisions of 1 Pa. C.S. §1908, therefore, the thirty-day period would then have been extended to and included June 16, 1975. On the other hand, the thirty-day period from a day *prior* to May 14, 1975 would have run to and included June 12, 1975.

no jurisdiction to act in this matter at all if the appeal should prove to have been untimely. *See Department of Environmental Resources v. Wolford*, 16 Pa. Commonwealth Ct. 254, 329 A.2d 304 (1974) and *Duggan v. Environmental Hearing Board*, 13 Pa. Commonwealth Ct. 339, 321 A.2d 392 (1974).

The order of the Board is, therefore, reversed and the case is remanded for a hearing on the question of the timeliness of Sharon's appeal.

## ORDER

AND Now, this 24th day of February, 1977, the order of the Environmental Hearing Board, Docket number 75-150-C, entered March 12, 1976, is hereby reversed and this case remanded back to the Board for an evidentiary hearing on the question of the timeliness of the appellant's appeal.

---

DISSENTING OPINION BY JUDGE WILKINSON:

The majority opinion accurately quotes finding of fact number 6 which clearly finds that the certification was received by appellant "*prior* to May 14, 1975." No exception was filed to this finding by appellant. Indeed, appellant admitted that the certification was received *prior* to May 14, 1975, in paragraph 6 of its pleading in response to the motion to quash before The Environmental Hearing Board. Therefore, the thirty-day appeal period expired on Thursday, June 12, 1975. If the case is to turn on this point, the appeal must be quashed as having been untimely filed.

I dissent.

Judge KRAMER joins in this dissent.