468 A.2d 812

**Frank R. VACCA, Appellant,**

v.

**Rocco MATTEO and Sarah Matteo, Husband and Wife.**

Superior Court of Pennsylvania.

Argued May 2, 1983.

Filed Dec. 2, 1983.

Rames J. Bucci, Philadelphia, for appellant.

Mary Beth Kramer, Philadelphia, for appellees.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Frank R. Vacco, takes this appeal from the order of the Court of Common Pleas, in which the court granted appellees', Rocco and Sarah Matteo, motion to quash appellant's appeal from an award by a board of arbitrators. After thoroughly reviewing the record, we

find that this case must be remanded for an evidentiary hearing.

■ This action was initiated by appellant—plaintiff, a real estate broker, against appellee-defendants, husband and wife, to recover commissions allegedly due appellant for providing a buyer for appellees' property. The matter initially went to arbitration and, following a hearing, the arbitrators ruled in favor of appellees. On June 1, 1979, appellant timely filed an appeal with the Court of Common Pleas. Included with this notice was a certification by counsel for appellant attesting that appellant "has paid all costs which have occurred to the time of taking of this Appeal." The case was subsequently brought before the Honorable Matthew W. Bullock, Jr., sitting without a jury. Prior to trial, appellees' made a motion to quash the appeal from the arbitrator on the grounds that appellant failed to pay all costs occurred at the time of taking the appeal, as was then required by local rule of court, Rule 108. The court did not immediately rule on appellees' motion, but instead proceeded to hear the case on the merits. However, after two days of testimony, the court granted appellee's motion to quash. Appellant filed a timely appeal to this Court from the trial court's order quashing the case.

Our disposition of the herewithin matter is precluded by two factors. First, there is no transcript of the hearing before the Court of Common Pleas in the record. Second, Judge Bullock retired from the bench without authoring an opinion explaining his ruling; instead, the opinion was authored by another judge, the Honorable Charles P. Mirarchi, Jr., who frankly admits in his opinion that a remand for an evidentiary hearing is necessary to resolve the factual question of payment or non-payment of costs.

■ It appears from the briefs and record that the parties agree that some of the costs were paid. The dispute centers around the question of whether all the costs were paid. While we agree that an evidentiary hearing is necessary, owing to the absence of clear resolution of the factual

question, before entering our order we wish to clarify a point of law which the parties seem to have overlooked. In *Black and Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Superior Ct. 518, 335 A.2d 722 (1975), this Court was asked to interpret a provision then contained in the statutes * which likewise required that an appellant "pay all the costs that may have occurred in such suit of action" when appealing to the Court of Common Pleas from a decision at arbitration. We ruled in that while the requirement that record costs be paid during the appeal period was mandatory, a "valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration." *Id.*, 233 Pa.Superior Ct. at 552, 335 A.2d at 724. *See also Sager and Sager v. Bock*, 280 Pa.Superior Ct. 459, 421 A.2d 812 (1980). Certainly, this rationale applies with equal force to local Rule 108, which contains the same directive as the statute which we interpreted in *Black and Brown, Inc.* Therefore, the question to be decided by the lower court in the instant case is not whether appellant in fact paid all record costs, but whether appellant made a valid and timely attempt, and, at least, substantially complied with the requirement to pay record costs.

Accordingly, the herewithin matter is remanded for an evidentiary hearing on the issue of appellant's payment or nonpayment of costs upon his appeal to the Court of Common Pleas on June 1, 1979, from the award of the board of arbitrators, entered May 3, 1979. If, after this evidentiary hearing, the court determines that appellant properly paid the costs, then the order of the Court of Common Pleas, dated March 13, 1981, which directed the case be quashed, is to be vacated and the case shall proceed to trial on the

---

* The Act of June 16, 1836, P.L. 715 § 27; the Act of January 14, 1952, P.L. (1951) 2087, § 4; the Act of March 15, 1956, P.L. (1955) 1279, § 1, 5 P.S. § 71 (1963).

This section was repealed effective June 27, 1980 by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a), 42 Pa.C.S. (Supp.1978).

The newest provisions in this area can be found at 42 Pa.C.S. §§ 7361, 7362 (Supp.1979).

merits. If, however, the court finds that appellant did not properly pay costs, then the order quashing this case shall be reinstated. This court does not retain jurisdiction.