**CITY OF PHILADELPHIA, Appellant,**

v.

**AFSCME, DISTRICT COUNCIL 47.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1998.
Decided March 26, 1998.

Stephanie Elizabeth Rompala, Philadelphia, for appellant.

Linda M. Martin, Philadelphia, for appellee.

Before FRIEDMAN and KELLEY, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The City of Philadelphia appeals from the May 19, 1997 order of the Court of Common Pleas of Philadelphia County (trial court) dismissing on the merits the City's Petition

to Vacate Arbitration Award regarding the Carolyn Flint promotion and confirming that arbitration award. Because the trial court failed to take evidence regarding AFSCME's (the Union's) Motion to Quash the City's Petition to Vacate, however, we hereby vacate the trial court's order and remand this case to the court for an evidentiary hearing as to when the arbitration award was delivered to the City pursuant to Section 7314(b) of the Uniform Arbitration Act (UAA).[1]

On July 30, 1990, the City published a promotional opportunity for permanent employees for the position of budget analyst specialist, examination No. P–210. (Arbitrator's Award "Award" at 2; R.R. 38a.) On October 13, 1990, Carolyn Flint submitted an application for that civil service position. Her application included her educational background and current status as an accountant at the Free Library. (Award at 3; R.R. 39a.)

On August 29, 1991, the examination took place. The Personnel Manager in charge of Civil Service Examinations and testing candidates, James Sofko, stated that, during the examination or shortly thereafter, employees of the Budget Bureau complained that there were people sitting for the examination who were not eligible. This complaint prompted an investigation by the Personnel Division. (Id.)

On October 30, 1991, the personnel department reported the results of the examination: 8 people were approved for the eligibility list, 5 were disapproved, 5 were examined in error and disapproved, 3 did not report, 8 were approved and of those 8, 5 were promoted. Flint was listed among those who were examined in error and disapproved. (Id.)

On October 31, 1991, the City's Examination Division sent Flint a letter advising her that her experience did not meet the requirements of the position and that, therefore, her test papers would not be scored and her name would appear as Examined in Error. Flint then invoked the grievance procedure found in paragraph 7 of the collective bargaining agreement (CBA) between the Union and the City. That procedure defines a grievance as "a dispute or disagreement raised by a member of the bargaining unit against the department or City regarding the interpretation or application of the provisions of this Agreement." (R.R. 122a.)

At the arbitration, the Union contended that the City had violated the Home Rule Charter and applicable Civil Service regulations by failing to consider Flint for the promotion. Inter alia, it argued that the City should have considered Flint's real-life work experience and what she actually did in her position at the Free Library. It argued that the City did not appropriately announce the examination because, if it intended to restrict the examination to only employees of the Budget Bureau of Finance, then it should have restricted the examination to that department. Finally, the Union argued that the proper remedy would be to promote Flint directly, without resort to any promotional list.

The City argued that the grievance was not arbitrable because the Union failed to cite a violation of the CBA, which would contemplate the ability to grieve a non-promotion. The City argued that the arbitrator should not substitute his judgment for that of the City's personnel department and determine the qualifications of the candidates. It contended that the merits of a non-promotion were not reviewable and that, therefore, the grievance was not arbitrable. The City further argued that Flint had no remedy, even if the Arbitrator found a violation of the CBA and/or its regulations, because the certified list expired and cannot be extended.

The Arbitrator issued his award on January 31, 1997. (R.R. 37–64a.) He concluded that disputes concerning the interpretation and application of the Home Rule Charter and Civil Service regulations, which are part and parcel of the CBA via paragraph 6A, are cognizable as grievances under paragraph 7 of the CBA. With regard to the merits of the grievance, the Arbitrator concluded that the

---

1. (b) Time limitation.—An application under this section shall be made *within 30 days after delivery* of a copy of the award to the applicant....

42 Pa.C.S. § 7314(b) (emphasis added).

City's failure to investigate and to fully consider Flint's qualifications before disqualifying her at the behest of the Finance Department constituted an abuse of discretion and a material breach of the CBA.

In sustaining the grievance, the Arbitrator directed the City to promote Flint to the position of budget analyst specialist and to make her whole for all wages not received, retroactive to the date that the last candidate with whom she competed was promoted to the position. (Award at 28; R.R. 64a.)

On March 13, 1997, the City filed a Petition to Vacate Arbitration Opinion and Award. (R.R. 77–84a.) Therein, it alleged that paragraph 7 of the CBA provides that the arbitrator "shall not have jurisdiction to add to, modify, vary, change or remove any term of this agreement." (R.R. 78a.) The City specifically averred that the arbitrator exceeded his authority under the CBA by determining that he had jurisdiction to determine whether Flint was qualified for promotion to the position of budget analyst specialist, despite the mandates of the Home Rule Charter and related Civil Service Regulations, and by going ahead and determining that Flint was fully qualified for the promotion. (R.R. 82a.)

On April 14, 1997, the Union filed a Motion to Quash the City's Petition to Vacate as untimely. The Union alleged that the City's March 13th petition was filed more than 30 days after delivery of the arbitration award to the City, which is the triggering date for counting the 30–day appeal period.

On May 19, 1997, the trial court issued an order denying the Union's Motion to Quash the City's Petition to Vacate. The court neglected, however, to include any rationale for this order in its July 10, 1997 opinion in support of its separate May 19th order denying the Petition to Vacate on the merits.

In its July 10, 1997 opinion in support of the May 19th order denying the Petition to Vacate on the merits, the court noted that "[t]he 'essence test' mandates judicial deference if the arbitrator's interpretation of the collective bargaining agreement can in any rational way be derived from the agreement." (Trial Court's July 10, 1997 Opinion at 3; R.R. 4a.) Specifically, the court stated that it saw no reason to disturb the arbitrator's findings that (1) the City had violated the applicable regulations when it removed the grievant's name from the list and that (2) because the City failed to afford Flint full and fair consideration in the first instance, the City's argument that Flint would not have received the promotion was speculative. Finally, the court concluded that the CBA did not restrict the arbitrator's authority to award appropriate relief to Flint.

There are three issues before us for review: (1) whether the court erred in refusing to grant the Union's Motion to Quash the City's Petition to Vacate as untimely; (2) whether it erred in confirming the arbitration award as drawing its essence from the CBA; and (3) whether the court erred in refusing to vacate the award when it requires the City to violate the law.[2] Because we must remand for an evidentiary hearing as to when the award was delivered to the City, we address only the first issue.

The applicable provision governing the time in which an application seeking vacation of an arbitration award must be filed is found in Section 7314(b) of the UAA. In pertinent part, that section provides as follows:

(b) Time limitation.—An application under this section shall be made *within 30 days after delivery* of a copy of the award to the applicant. . . .

42 Pa.C.S. § 7314(b) (emphasis added).

Here, the award was issued on January 31, 1997 and mailed to the parties on February

---

2. In arbitration proceedings, the proper judicial inquiry is whether the award draws its essence from the collective bargaining agreement. *Riverview School District v. Riverview Education Association, PSEA–NEA,* 162 Pa.Cmwlth. 644, 639 A.2d 974 (1994), *petition for allowance of appeal denied,* 540 Pa. 588, 655 A.2d 518 (1995). A court's inquiry in this regard is limited to deter-

mining whether the arbitrator's decision could rationally be derived from the CBA, viewed in light of its language, its context and any other indicia of the parties' intention. *North Star School District v. North Star Education Association,* 155 Pa.Cmwlth. 368, 625 A.2d 159 (1993), *petition for allowance of appeal denied,* 537 Pa. 614, 641 A.2d 313 (1994).

6, 1997. The City filed its Petition to Vacate on March 13, 1997.

In its Motion to Quash, the Union alleged that the City could not have received its copy of the award any later than February 10, 1997, which still would have been more than 30 days before the City filed its March 13, 1997 petition. Thus, the Union concluded that, because the City could not explain why it failed to file its petition in a timely manner, its petition should be quashed and the award confirmed in its entirety. (R.R. 23–24a.)

In its response to the motion, the City alleged that it received the award on February 11, 1997. In support of that averment, the City attached the affidavit of an assistant city solicitor alleging that she consistently marked the dates on which she received arbitration awards on her desk calendar and a copy of the relevant calendar excerpt. (Item 2 of Original Record, Exhibit A to City's Response to Motion to Quash, also included as attachment to the City's Reply Brief.) Therefore, it alleged that its March 13th filing was 30 days after delivery of the award to it pursuant to Section 7314(b) of the UAA.

It is clear from the trial court docket entries that it did not conduct an evidentiary hearing as to the "delivery" date of the award under Section 7314(b) of the UAA. (R.R. 7–8a.) The allegations in the parties' respective motions, responses and attached affidavits as to the dates certain things occurred do not constitute evidence such that the trial court need not have conducted an evidentiary hearing on the disputed issues of fact. Therefore, without factual findings as to the delivery date of the award, we cannot proceed with a consideration of the merits. *See Commonwealth v. Jones,* 549 Pa. 58, 65 n. 3, 700 A.2d 423, 426 n. 3 (1997) ("[w]here ... the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted."); *City of Philadelphia v. Tasker,* 119 Pa.Cmwlth. 519, 547 A.2d 1261, 1267 (1988), *petitions for allowance of appeal denied,* 522 Pa. 592, 561 A.2d 744, 524 Pa. 637, 574 A.2d 76 (1989) (where the trial court relied on an ex parte affidavit of a post-trial motions clerk that she mailed notice of briefing schedule, case had to be remanded for a finding as to whether a party had actually received the notice mailed to her.); *Vacca v. Matteo,* 321 Pa.Super. 482, 468 A.2d 812 (1983) (where the trial court had granted a party's motion to quash an appeal from an award by a board of arbitrators on the grounds that the appellant had failed to pay all costs incurred at the time of taking the appeal, a remand for an evidentiary hearing was necessary to resolve the factual question of payment or non-payment of costs.); *Sharon Steel Corporation v. Department of Environmental Resources,* 28 Pa.Cmwlth. 607, 369 A.2d 906, 907–908 (1977) (where EHB did not hear evidence on issue of whether appeal was untimely, apparently based a finding regarding the dates certification was received on various pleadings filed by the parties and the actual time the party received the notice of certification was and still is in dispute, a remand for a hearing was necessary to resolve the factual question of timeliness).

Accordingly, we remand this case to the trial court for an evidentiary hearing on the factual issue of when the award was delivered to the City for purposes of Section 7314(b) of the UAA. If the trial court concludes that the Petition to Vacate was timely filed, it may then reinstate the May 19, 1997 order denying the petition or make further determinations as necessary. This Court does not retain jurisdiction.

### ORDER

AND NOW, this 26th day of March, 1998, the order of the Court of Common Pleas of Philadelphia County dated May 19, 1997, denying the City's Petition to Vacate on the merits, is vacated and this matter is remanded for a determination of the date of delivery of the arbitration award to the City pursuant to Section 7314(b) of the Uniform Arbitration Act, 42 Pa.C.S. § 7314(b).

Jurisdiction relinquished.