**HJH, LLC, Petitioner**

v.

**DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2008.

Decided May 2, 2008.

Reargument or Reconsideration Denied June 26, 2008.

Nicolle R. Snyder Bagnell, Pittsburgh, for petitioner.

William H. Blasberg, Norristown, for respondent.

Julie D. Goldstein, Warrington, for intervenor, Bensalem Township.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge LEADBETTER.

On May 24, 2005, Petitioner, HJH, LLC, submitted a permit application for approval of a waste transfer station sited in Bensalem Township (Bensalem), Bucks County to the Department of Environmental Protection (Department). The permit application contained a General Information Form (GIF) which had a section titled "Land Use Information". In the Land Use Section, Petitioner stated that the project did not conflict with local zoning ordinances or comprehensive plans.

On September 30, 2005, counsel for Petitioner sent the Department a letter stating that despite Bensalem's representations to the contrary, the site of the proposed waste transfer facility was zoned heavy industrial[1] and that the county comprehensive plan concerning revitalization of the Delaware River waterfront had never encompassed the proposed site. Petitioner asserted that the township did not pass an ordinance prohibiting construction of a waste transfer station until September 25, 2005 (Bensalem Township, Ordinance No.2005–08), more than three months after Petitioner first submitted its permit application to the Department and that under the prior ordinance construction was permissible. On January 6, 2006, counsel for Bensalem sent the Department a detailed letter regarding the waste transfer station project. The letter stated that the project was in conflict with Bensalem Township, Ordinance No.2005–08 and that a waste transfer station did not fit with the permitted uses of R–55, Bucks County Riverfront Revitalization District.

On January 17, 2006, the Department sent Petitioner a Technical Deficiency Letter which provided it with the opportunity to respond to Bensalem's comments. Petitioner sent a letter dated March 30, 2006, to the Department which responded to another issue raised in the Technical Deficiency Letter, but did not address the land use conflict. On May 12, 2006, the Department notified Petitioner that based on the land use conflict asserted by Bensalem, it was suspending review of the permit application.

In response to the potential land use conflict asserted by Bensalem, the Department's Policy Office conducted an Act 67/68 review.[2] Pursuant to the Act 67/68

---

1. Property that is zoned heavy industrial permits construction of waste transfer stations as a conditional use.

2. Act 67/68 refers to the Act of June 23, 2000, P.L. 495, amending the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as* *amended*, 53 P.S. §§ 10101–11202, by, in relevant part, adding provisions providing that the Department may consider compliance with local zoning ordinances and county comprehensive plans in its permit review process. The section relevant here provides:

review, the permitting staff forwarded a packet of information to Louis Guerra in the Policy Office. The information packet contained, *inter alia,* both the September 30, 2005 letter and the January 6, 2006 letter. Guerra testified that he conducted the Act 67/68 review in accordance with Department policy as stated in the "Final Revision of Policy for Consideration of Local Comprehensive Plans and Zoning Ordinances in DEP Reviews of Permits for Facilities and Infrastructure"[3] (Policy Document). Guerra reviewed the information provided in the packet, including the letters written by counsel, but relied only on the January 6, 2006 letter. Guerra testified that when he conducted the Act 67/68 review he determined that Bensalem had identified the conflict between the proposed facility and the local zoning laws, and at that point his review was finished. Guerra did not conduct additional analysis to determine the substantive effect of the ordinance cited as the source of the conflict on Petitioner's land use plans. As a result of Guerra's review, the Regional Director decided to suspend review of the permit application and Petitioner was notified by letter dated May 12, 2006, that review of the permit application was suspended until the land use conflict was resolved.

▪ Petitioner appealed the suspension of review to the Environmental Hearing Board (Board) asserting that the Department's Act 67/68 review was improper because the Department may not rely solely on a township's assertion that a conflict exists, but rather the Department is required to determine whether a legitimate conflict exists between a project and local zoning ordinances. Following submissions of cross motions for summary judgment, the Board granted judgment in favor of Bensalem. The Board held that once a land use conflict is identified, the Department is not required to conduct additional analysis to determine the merits of the identified conflict because it is not within the Department's purview to settle land use conflicts. This appeal followed.[4]

▪ The Board is authorized by the En-

---

(a) Where municipalities have adopted a county plan or a multimunicipal plan is adopted under this article and the participating municipalities have conformed their local plans and ordinances to the county or multimunicipal plan by implementing cooperative agreements and adopting appropriate resolutions and ordinances, the following shall apply:

. . . .

(2) State agencies shall consider and may rely upon comprehensive plans and zoning ordinances when reviewing applications for the funding or permitting of infrastructure or facilities.

53 P.S. § 11105(a)(2).

3. The purpose of Act 67/68 is to avoid or minimize conflicts between the Department's permitting decisions and local land use. Pursuant to the Department's Policy Document, Act 67/68 review has two major components: (1) the inclusion of land use questions as part of the permit application process; and (2) an opportunity for municipal and county comment to the Department on the accuracy of a permit applicant's answers to the referenced land use questions. The Policy Document also states that the Department intends to rely only on comments received from municipal and county officials to determine whether a project may conflict with comprehensive plans and zoning ordinances.

4. Although Petitioner challenges the substantive ruling of the Board, asserting that the Department is required to not only identify a land use conflict, but also assess the validity of the asserted conflict, we do not reach the merits. This court may raise a jurisdictional question *sua sponte* and, indeed, where jurisdiction is absent, has an obligation to do so. *Riverwatch Condo. Owners Ass'n v. Restoration Dev. Corp.,* 931 A.2d 133, 138 (Pa. Cmwlth.2007).

vironmental Hearing Board Act [5] (Act) and the Environmental Hearing Board regulations [6] to "hold hearings and issue adjudications ... on orders, permits, licenses or *decisions* of the department" and review any "action" taken by the Department. *See* Section 4(a), (c) of the Act, 35 P.S. § 7514(a), (c) (emphasis added). "Action" is defined as:

an order, decree, decision, determination or ruling by the Department affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of a person including, but not limited to, a permit, license, approval or certification.

25 Pa.Code § 1021.2.

■ There is no bright line rule for what communication from the Department is an "action" of the Department.[7] In *Department of Environmental Resources v. New Enterprise Stone & Lime Co., Inc.,* 25 Pa.Cmwlth. 389, 359 A.2d 845, 847 (1976), this court held that a decision of the Department, specifically one which does not result in any action being taken against a party and which does not, therefore, affect property rights, privileges, liabilities and other obligations, is not an appealable "decision." In *New Enterprise Stone & Lime Co., Inc.,* New Enterprise entered into an agreement with the Department, which extended the time for compliance with a Department order. New Enterprise sought a second extension of time to comply, but the Department refused to modify its agreement to grant another extension. New Enterprise appealed to the Board. The Board found

that it did not have jurisdiction to review a refusal by the Department to modify its agreement with New Enterprise. On appeal to this court, we noted that although the Department had made a "decision" not to modify its agreement with New Enterprise, such action lacked the elements which would suggest that a "decision" had been made in the technical sense of the word, because the rights and obligations of New Enterprise had not been altered. This court held that the Department's determination was not appealable and that the Board properly dismissed the appeal. *Id.*

Similarly here, the Department has not yet taken any appealable action. Act 67/68 review is one small part of a much more complex review of a permit application. The Department has neither approved Petitioner's permit application nor denied it; it has simply suspended technical review of the permit application until such time as the land use conflict is resolved. Such suspension does not constitute an appealable action because it does not affect any of Petitioner's rights or privileges. Petitioner will not be aggrieved until the Department takes a final action on its permit application. Moreover, Board consideration of Act 67/68 review at this time would open the door to a proliferation of appeals challenging only one step of the Department's permit process before final action affecting an applicant's rights or privileges has been taken. Such appeals would bring inevitable delay to the system and involve the Board in piecemeal adjudication of complex, integrated issues.

**5.** Act of January 13, 1988, P.L. 530, *as amended,* 35 P.S. §§ 7511–7514.

**6.** 25 Pa.Code §§ 1021.1–1021.201.

**7.** *Corco Chemical Corp. v. Dep't of Envtl. Protection,* 2005 Pa. Envirn. LEXIS 54, at *3. In addition, the Board has repeatedly stated that it does not have jurisdiction to review the many provisional, interlocutory "decisions" made by the Department during the processing of an application. *See Phoenix Resources, Inc. v. Dep't of Envtl. Resources,* 1991 E.H.B. 1681.

Accordingly, we conclude that the Board did not have jurisdiction to hear this appeal. We vacate and remand, with instructions that the Board quash Petitioner's appeal.

### ORDER

AND NOW, this 2nd day of May, 2008, the order of the Environmental Hearing Board in the above captioned matter is hereby VACATED. This matter is RE-MANDED with direction to quash the appeal for lack of jurisdiction.