529 A.2d 1198

Mars Area Residents for a Safe Community, Appellants *v.* Zoning Hearing Board of Adams Township, Appellee.

Argued March 27, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Lee R. Golden,* with him, *Robert P. Ging, Jr.,* for appellants.

*Wesley F. Hamilton,* for respondent, Zoning Hearing Board of Adams Township.

*Charles F. Flach, III, Murrin, Taylor, Flach & Horan,* for respondent, Adams Township.

OPINION BY JUDGE BARRY, August 17, 1987:

Mars Area Residents for a Safe Community (MARSC), petitioner, appeals from an order of the Court of Common Pleas of Butler County affirming the decision of the Zoning Hearing Board (Board) to dismiss petitioner's appeal as untimely. Qwest Microwave, Inc. (Qwest) applied for a building permit on September 10, 1984. This application was granted and the building permit issued the same day. Qwest began construction and excavation immediately. On January 1, 1985, Mr. Gregory Campbell, on behalf of petitioner, forwarded a letter to the township zoning officer (Adams Township). This letter demanded that the zoning officer enforce the zoning ordinance restricting such towers in an agricultural district. In essence, petitioner maintained that the tower was an impermissible non-conforming use.

On January 28, 1985, the zoning officer responded by letter indicating that no action would be taken to enforce an alleged violation of the ordinance. Petitioner

appealed to the Board on February 27, 1985. The Board dismissed petitioner's claim as untimely. The trial court affirmed the Board both on the issue of untimeliness and on the merits. The Board and the trial court dismissed this appeal on the grounds that it was untimely under Section 915 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10915. Petitioner argues that this appeal was timely because it was made within thirty days of the zoning officer's denial of the request to enforce the ordinance and this was the procedure required by the ordinance before presenting the matter to the Board. Both the Board and the trial court ruled that, under Section 915 of the MPC, petitioner was required to appeal within thirty days of either the application for a building permit or from the point it had notice, knowledge or reason to believe that the application was granted.

Petitioner argues that, even if the zoning ordinance was inapplicable, it could not have appealed within thirty days under Section 915 of the MPC because the application for the building permit was misleading in that it failed to disclose the height (233 feet) of the microwave tower. As a result, petitioner contends, it had no notice, knowledge or reason to believe that a tower was being constructed. Petitioner also argues that the tower is not a public utility structure, a permitted use under the Adams Township Zoning Ordinance.

Where the trial court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law, abused its discretion or made findings not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

We need reach only the issue of timeliness and, accordingly, affirm the trial court. Section 915 of the MPC reads:

§10915.   Time limitations; persons aggrieved

No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner *unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.* If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest.

The failure of anyone other than the landowner to appeal from an advrse [sic] decision on a tentative or preliminary plan pursuant to section 709 or from an adverse decision by a zoning officer on a challenge to the validity of an ordinance or map pursuant to section 1005(b) shall preclude an appeal from a final approval except in the case where the final submission substantially deviates from the approved tentative or preliminary approval. (Footnotes omitted.) (Emphasis added.)

Petitioner argues that it never had notice, knowledge or reason to believe that approval had been given for the construction of a tower. The trial court found differently and ruled that petitioner did have actual notice and, thus, failed to timely file its appeal. We believe this finding is supported by substantial evidence in the record. The testimony of several of the protestants and members of petitioner show that they were aware of the construction as early as September of 1984 and that although the application did not specify the exact height of the tower it did specify that a "building and tower"

was being erected and the building permit which was issued that same day indicated the height of the tower.

It is true that we consider an application which is misleading to be tantamount to fraudulent and such a misrepresentation could constitute lack of notice. *Appeal of Girolamo,* 49 Pa. Commonwealth Ct. 159, 410 A.2d 940 (1980). However, in *Girolamo,* a prospective protestant refrained from voicing his opposition to the landowner's appeal from a zoning officer's denial of his application for a permit. When the notice of the landowner's appeal was received by the protestant it referred only to the "additional store area" and the landowner actually intended to use the additional area for a restaurant. Here there is no evidence that petitioner or any of its members actually attempted to review the application. Moreover, even if petitioner had sought to inspect the application it would have immediately been referred to the building permit which describes the tower.

In addition, assuming, *arguendo,* that it was misleading initially, the trial court transcript shows that as early as October 10, 1984, the protestants were aware that Qwest Microwave, Inc. owned the property and that the issue of the construction of the tower was discussed at the November 10, 1984 township supervisors meeting by at least one of the protestants. At that point, construction had been underway for two months and it is thus fair to conclude that they were aware, under the MPC, of the township's approval of the construction of a tower:

As Ryan has stated:

The 30 day appeal period for protestants is found in Code §915, 53 P.S. §10915. As the cases indicate, the timing of an appeal by protestants can pose a problem. Neighboring property owners often receive no notice that a permit has

been issued. Their first knowledge of that fact is likely to be the commencement of construction. If protestants are to have a reasonable right of appeal, they should not be barred unless they had knowledge of the issuance of the permit in sufficient time to permit an appeal within the specified period. On the other hand, if an appeal is allowed after construction has progressed, the applicant may suffer a great loss. The Municipalities Planning Code resolves the difficulty in favor of the protestants, who are permitted to exceed the 30 day appeal limit if they allege and prove that they had neither notice nor reason to know of the approval of the application. Code §915, 53 P.S. §10915. Since there is no requirement that a zoning officer give notice of the approval of most zoning aplications, [sic] the practical effect of the Code is to permit an appeal by a protestant filed within 30 days of the issuance of a permit, or promptly after the protestant learns of its issuance.

Ryan, *Pennsylvania Zoning Law and Practice*, §9.4.3.

The very latest petitioner could have taken action would have been December 10, 1984, thirty days from the November 10, 1984 township supervisors meeting. We note that, although the zoning ordinance does not specify a specific time period for seeking enforcement of the ordinance from the zoning officer, this time period could not be longer than the thirty day period set forth in the MPC. *Graduate Hospital v. Philadelphia*, 82 Pa. Commonwealth Ct. 374, 474 A.2d 1228 (1984). It did not do so until January 1, 1985 when Mr. Campbell forwarded the letter to the zoning officer requesting that he enforce the ordinance. Whether the proper course of action was to write directly to the zoning officer pursuant to the ordinance or appeal to the Board

under Section 915 of the MPC is irrelevant since petitioner did not write the letter to the zoning officer until well beyond thirty days after the petitioner had actual knowledge of the tower construction approval. Thus, the petitioner's appeal must fail under either procedure.

The trial court is affirmed on the issue of timeliness precluding the necessity of addressing the remaining substantive issues.

#### ORDER

Now, August 17, 1987, the order of the Court of Common Pleas of Butler County, dated April 16, 1986, which upheld the decision of the Adams Township Zoning Hearing Board, is affirmed.

President Judge CRUMLISH, JR., did not participate in the decision in this case.