625 A.2d 1292

**Ralph D. HAAF, John J. Angelino and Diane M. Angelino, Robert C. Rupp, George D. Haaf, II, and Tamilee Haaf, and David Musselman**

v.

**The ZONING HEARING BOARD OF the TOWNSHIP OF WEISENBERG.**

**Appeal of ADAMS OUTDOOR ADVERTISING, LTD., Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided May 21, 1993.

Victor F. Cavacini, for appellant.

William H. Dayton, Jr., for appellees.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Appellant, Adams Outdoor Advertising, Ltd. (Adams), appeals an order of the Court of Common Pleas of Lehigh County (trial court) which denied Adams' appeal from the April 20, 1988 decision of the Zoning Hearing Board of Weisenberg Township (Board) and denied the cross-appeals of

Adams and the Objectors [1] from the June 28, 1988 decision of the Board.

## I. PROCEDURAL HISTORY

Adams entered into a lease agreement with Craig D. and Phyllis J. Shreve to permit erection of an outdoor advertising sign on property owned by the Shreves. The property is located in the Industrial–Commercial district of Weisenberg Township (Township).

## A. FIRST APPLICATION

On August 14, 1987, Adams filed an application for a building permit seeking to erect a two-sided, fifty foot high, off-premises advertising sign. The application was denied by the zoning officer because the Township's zoning ordinance (Ordinance) makes no provision for off-premises advertising signs and because the structure exceeded dimensional requirements of other types of business signs permitted by the Ordinance.

Adams appealed to the Board challenging the validity of the Ordinance and requesting a variance and other relief from the use and dimensional requirements of the Ordinance. A hearing was held before the Board on October 27, 1987. After testimony concluded, Adams offered to limit the sign to a single side, facing west, the height of which would be less than 50 feet and which would only be minimally higher than the nearby overpass. The Objectors and the Board agreed to this "alternative". As part of the bargain, Adams agreed to withdraw its validity challenge after the appeal period had run with respect to the variance. In a decision and order dated November 24, 1987 the Board granted the variance in accordance with the proposal made by Adams at the hearing. Because of its disposition of the variance issue the Board did not address the validity challenge.

1. Ralph D. Haaf, John J. Angelino, Diane Angelino, Robert C. Rupp, George D. Haaf, II, Tamilee Haaf, and David Musselman are the Objectors in this proceeding.

On December 3, 1987, Adams met with the zoning officer and proposed a height of forty-four feet, eight inches. Adams then met with members of the Board to review the proposed height. On December 28, 1987, the zoning officer issued permit no. 1038 authorizing a single-faced, detached advertising sign facing west, the height of which was not to exceed forty-five feet. The permit also limited the time period for illumination of the lights on the sign to between 6:00 p.m. and 11:00 p.m.

Ralph Haaf, one of the objectors who participated in the hearing before the Board, learned of the issuance of the permit at a Township Planning Commission meeting on December 29, 1987. On February 8, 1988, Objectors filed an appeal to the Board challenging the validity of the permit to the extent that it permitted a sign 45 feet high.

Adams began erection of the sign in accordance with the permit issued by the zoning officer and completed construction on March 1, 1988. The single-faced sign as completed is forty-four feet, eight inches in height.

Following completion of the sign, a hearing was held on Objectors' appeal. The Board issued a decision and order dated April 20, 1988. The Board concluded that Objectors had filed their appeal in a timely manner, namely, thirty days after Objectors received copies of the Board's decision and the permit and were able to compare the two. The Board further concluded that the permit as issued by the zoning officer was not in accordance with the compromise approved and ordered at the hearing. Finally, the Board concluded that its previous opinion, issued November 24, 1987, was ambiguous with regard to the height of the sign. Therefore, the Board revoked permit no. 1038 and instructed the zoning officer that in determining the proper height for the sign he should heed their language that the sign is only to be minimally higher than the nearby overpass.

Adams appealed the Board's decision to the trial court contending that Objector's appeal at the Board level was untimely and that the Board erred in concluding that the

terms of the permit were not in accordance with the Board's opinion and order.

## B.  SECOND APPLICATION

After Objectors filed their appeal challenging the building permit issued by the zoning officer, Adams filed another application for a building permit to erect a double-sided sign at the exact same location on the same property.  The second application listed forty-four feet, eight inches as the proposed height of the structure.[2]  Adams again requested a variance and challenged the validity of the Ordinance.  The application was denied by the zoning officer and Adams appealed to the Board.

Following a hearing, the Board issued an opinion and order dated June 28, 1988.  The Board concluded that the prohibition of off-premises advertising signs created by the Ordinance was invalid.  Because of its disposition of the validity issue, the Board did not reach the variance request.  The Board did, however, impose two "reasonable restrictions" on the sign.  The Board prohibited an advertising surface facing east because it would face a rural residential area and illumination of the advertising surface facing west was limited to 6:00 p.m. until 11:00 p.m.

On July 13, 1988, Objectors appealed the Board's decision to the trial court challenging the Board's actions concerning the validity of the Ordinance.  Adams filed a notice of intervention and a cross-notice of appeal challenging the restrictions imposed by the Board.

## C.  ACTIONS CONSOLIDATED

By stipulation of the parties the appeal of Adams from the Board's decision revoking the building permit and the appeal of Objectors and cross-appeal of Adams from the Board's decision holding the Ordinance invalid were consolidated for disposition before the trial court.  Following oral argument,

---

**2.**  This is the height of the sign erected by Adams in accordance with building permit no. 1038.

the trial court entered an order denying Adams' appeal of the revocation of the building permit. The trial court also denied the cross-appeals relating to the June 28, 1988 decision of the Board concerning the validity of the Ordinance. The trial court held that Objector's appeal to the Board concerning the validity of the permit was timely. The trial court further held that the second request for a permit for the same sign was improperly sought and heard by the Board because an appeal was pending on the first application at the time the second request was made. Finally, the trial court concluded that Adams had waived its right to challenge the validity of the Ordinance by entering into a compromise agreement at the hearing before the Board on the first application for a building permit.

## II. ISSUES

■ The following issues are presented on appeal to this court: (1) whether Objectors' appeal from the December 28, 1987 issuance of a building permit to Adams was timely filed on February 8, 1988; (2) whether Adams waived its right to challenge the validity of the Ordinance by entering into a compromise agreement at the October 27, 1987 hearing before the Board; (3) whether the Board erred in concluding that the Ordinance was invalid because it prohibited off-site outdoor advertising; and (4) whether the Board erred by imposing restrictions on the proposed use after it determined that the Ordinance was invalid.[3]

### A. TIMELINESS OF OBJECTORS' APPEAL

Adams contends that Objectors' appeal from the December 28, 1987 issuance of the permit was untimely filed because Objectors were aware of the Board's decision and the issuance of the permit as early as December 29, 1987, forty-two days

---

**3.** Where the trial court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law, abused its discretion or made findings not supported by substantial evidence. *Kratzer v. Board of Supervisors of Fermanagh Township*, 148 Pa.Commonwealth Ct. 454, 611 A.2d 809 (1992).

before their appeal was filed. Objectors contend that the thirty day filing period did not begin to run until they received a copy of the Board's decision.

Section 914.1 of the Municipalities Planning Code (MPC), 53 P.S. 10914.1, provides that:

[n]o person shall be allowed to file any proceeding with the board later than thirty (30) days after an application for development, preliminary or final has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner *unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.* (Emphasis added.)

This court has previously held that where objectors seek to pursue an untimely challenge to a zoning officer's action, section 914.1 and former section 915 [4] of the MPC clearly place the burden of proof upon objectors to establish when they received notice of a zoning officer's action. *Seneca Mineral Company, Inc. v. McKean Township Zoning Hearing Board,* 124 Pa.Commonwealth Ct. 389, 556 A.2d 496 (1986); *Schoepple v. Lower Saucon Township Zoning Hearing Board,* 154 Pa.Commonwealth Ct. 658, 624 A.2d 699 (1993).

The testimony provided on the issue of Objectors' knowledge of the issuance of the permit was succinctly summarized by the Board in its findings of fact. These findings are supported by substantial evidence of record and have not been challenged on appeal. The relevant findings provide as follows:

5. Ralph Haaf is a property owner within 200 feet of the property on which the sign is located and George Haaf, II, and Tamilee Mohr Haaf reside with him at the same premises.

6. Ralph Haaf first heard about the written decision of the Board and the issuance of the permit on the evening of December 29, 1987. Shortly thereafter he told George Haaf, II and Tamilee Mohr Haaf that a written decision had

4. 53 P.S. § 10915, repealed by Act of December 21, 1988, P.L. 1329.

been rendered. He also informed the other parties who are appellants in this appeal.

7. Although none of the appellants were able to state with certainty when they learned exactly what the permit provided and what the decision of the Board stated, it appears that it was not until mid-January that they were able to learn and confirm that the sign as permitted would be 45 feet in height.

8. Shortly thereafter they consulted William Dayton, Esquire, their counsel in this appeal. He obtained a copy of the November 24, 1987 Decision and compared it to a copy of the permit issued by the Township.

9. Thereafter, on February 8, 1988 Attorney Dayton filed the within appeal....

Decision of Board dated April 20, 1988 at 4.

The Board then concluded that Objectors' appeal was timely because it was taken within thirty days after they received copies of the Board's decision and the permit and were able to compare the two. In support of its decision, the Board cites *Mars Area Residents for a Safe Community v. Zoning Hearing Board of Adams Township*, 108 Pa.Commonwealth Ct. 505, 529 A.2d 1198 (1987).

We find the Board's reliance on *Mars Area* to be misplaced as our interpretation of the case leads to a contrary result. In *Mars Area*, an application for a building permit for a microwave tower was filed and the permit was issued the same day. Excavation and construction began immediately. Objectors' appeal contending that the tower was an impermissible use was dismissed as untimely. Objectors argued that they could not have appealed the grant of the building permit for the tower within thirty days as required by the MPC because the application for the building permit was misleading in that it failed to disclose the height of the tower.

Evidence presented before the Board established that at least one of the objectors was present at a township supervisors' meeting where construction of the tower was discussed. This court held that the fact that the application did not

specify the height of the tower did not extend that appeal period. We further held that the very latest the objectors could have taken action was thirty days from the date they were made aware of the township's approval of the tower, namely, the date of the township supervisors' meeting.

In this case, evidence presented before the Board establishes that the building permit was issued on December 28, 1987. It further establishes that on December 29, 1987, Ralph Haaf, an Objector, was aware of the Board's decision, aware that a permit had been issued, and aware that there was some question as to the language of the permit. The fact that he was not aware of the exact height of the sign authorized by the permit does not serve to extend the appeal period. Objectors had a duty to examine the permit which they were aware had been issued and review its contents.

Objectors' appeal was filed on February 8, 1988, forty-two days after the zoning officer issued the building permit. As noted above, Objectors were required to appeal that action within thirty days or prove that they had no notice, knowledge, or reason to believe that such action had been taken. Because Objectors failed to satisfy their burden of proof, we conclude that Objectors' appeal from the December 28, 1987 issuance of the building permit to Adams was untimely.

Accordingly, the order of the trial court denying Adams' appeal from the April 20, 1988 decision of the Board is reversed and the matter remanded to the trial court with instructions to vacate the order of the Board dated April 20, 1988 ruling on the merits of Objectors' appeal and revoking Adams' building permit.

## B.  WAIVER

Having concluded that Objectors' appeal from the issuance of the building permit was untimely filed, we next address whether Adams waived its right to challenge the validity of the Ordinance when it entered into a compromise agreement at the October 27, 1987 hearing before the Board.

As noted by the trial court, the parties settled their dispute concerning the billboard's lighting, position, height, size, and number of advertising faces at the first hearing before the Board. Specifically, the dispute was settled when Adams made an alternative offer which was accepted by Objectors. Pursuant to the compromise reached by the parties, Adams agreed to withdraw its validity challenge if the Board rendered a favorable decision on the variance issue.

The Board granted a variance and the appeal period with respect to that variance elapsed. A building permit was issued in accordance with the terms of the variance as agreed upon by the parties. The sign was erected pursuant to the terms of the permit and remains standing today.

■ The law has always encouraged parties to agree to terms which might limit litigation. *General State Authority v. Sutter Corporation*, 24 Pa.Commonwealth Ct. 391, 356 A.2d 377 (1976). Adams agreed to accept a variance permitting a one-sided sign, with a height of forty-four feet, eight inches, and to withdraw its constitutional challenge to the validity of the Ordinance. Having so agreed, Adams cannot resurrect the constitutional validity issue through a second application for a building permit which is merely duplicative of the first.

Therefore, we conclude that Adams waived its right to pursue a challenge to the constitutional validity of the Ordinance when it entered into a compromise agreement at the October 27, 1987 hearing before the Board.[5]

Accordingly, we affirm the order of the trial court denying the appeal of Adams from the June 28, 1988 decision of the Board. With respect to the cross-appeal of Objectors, we remand to the trial court with instructions to vacate the order of the Board dated June 28, 1988 ruling on the constitutional validity of the Ordinance.

### III.  CONCLUSION

In accordance with the foregoing, the order of the trial court denying Adams' appeal from the April 20, 1988 decision

5. Our resolution of this issue makes consideration of the other issues raised unnecessary.

of the Board is reversed and the matter remanded to the trial court with instructions to vacate the order of the Board dated April 20, 1988 ruling on the merits of Objectors' appeal and revoking the building permit issued to Adams. The order of the trial court denying the appeal of Adams from the June 28, 1988 decision of the Board is affirmed. The order of the trial court denying the cross-appeal of Objectors from the June 28, 1988 decision of the Board is reversed and the matter remanded to the trial court with instructions to vacate the June 28, 1988 order of the Board ruling on the constitutional validity of the Ordinance.

## ORDER

AND NOW, May 21, 1993, the order of the Court of Common Pleas of Lehigh County denying Adams Outdoor Advertising, Ltd.'s appeal from the April 20, 1988 decision of the Zoning Hearing Board of Weisenberg Township is reversed and the matter remanded to the trial court with instructions to vacate the order of the Zoning Hearing Board dated April 20, 1988 ruling on the merits of the appeal and revoking the building permit issued to Adams Outdoor Advertising, Ltd.

The order of the Court of Common Pleas of Lehigh County denying the appeal of Adams from the June 28, 1988 decision of the Zoning Hearing Board of Weisenberg Township is affirmed.

The order of the Court of Common Pleas of Lehigh County denying the cross-appeal of Objectors from the June 28, 1988 decision of the Zoning Hearing Board of Weisenberg Township is reversed and the matter remanded with instructions to vacate the June 28, 1988 decision of the Board ruling on the constitutional validity of the zoning ordinance.

Jurisdiction relinquished.