**Claire OLIVER and Ian Rubenstein**

v.

**BOARD OF LICENSE AND INSPECTION REVIEW CITY OF PHILADELPHIA, City of Philadelphia and Henry S. McNeil, Jr.**

**Appeal of Henry S. McNeil, Jr.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 2000.
Decided Oct. 26, 2000.

John J. Soroko, Philadelphia, for appellant.

Mark J. Krum, Philadelphia, for appellees.

BEFORE: PELLEGRINI, Judge, FLAHERTY, Judge, RODGERS, Senior Judge.

PELLEGRINI, Judge.

Henry S. McNeil, Jr. (Protestant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) reversing the decision of the City of Philadelphia Board of License and Inspection Review (Board) and dismissing his appeal *nunc pro tunc.*

In August of 1997, Claire Oliver and Ian Rubenstein (Applicants) purchased a townhouse located at 1912 Rittenhouse Square, Philadelphia, Pennsylvania. At the time they purchased the property, they did not have an exterior entranceway or steps. Instead, access was gained through an adjoining property. They applied for a building permit, which among other things, proposed constructing steps onto Rittenhouse Square to gain entry to the property. Because the property was located in a historic district, approval of the steps had to be obtained from the Philadelphia Historic Review Committee which granted approval because the steps were a reproduction of the original steps that were used to gain access to the property. On September 5, 1997, a building permit was issued by the Philadelphia Department of Licenses and Inspections (L & I).[1] In April 1998, Applicants then began construction of the steps.

On May 21, 1998, while the construction of the steps was underway, Protestant purchased the adjacent property at 1914–1916 Rittenhouse Square from the same owner who had sold the property to Applicants. After the steps were completed, Protestant notified Applicants, by letter dated August 5, 1998, that he believed the steps encroached upon the sidewalk beyond the legally permissible distance and created an unsafe condition. Having failed to reach an agreement with Applicants, on September 22, 1998, Protestant appealed the issuance of the building permit to the Board because the steps encroached too far into the sidewalk right-of-way in violation of the City of Philadelphia Streets Code (Streets Code).[2]

Before the Board, Protestant testified that he entered into an agreement to pur-

---

1. As part of the approval process, L & I referred Applicants' application to the Department of Streets for the City of Philadelphia (Streets Department) which approved the application on August 27, 1997, and the Historic Commission for the City of Philadelphia also approved the application on August 27, 1997.

2. Protestant contended that Applicant's steps encroached onto the sidewalk by 12 feet in violation of Section 11–604(3) of the Streets Code. That section provides:

   **Encroachments Upon and Obstructions of Streets.**

   (3) *Cellar Doors and Steps.* No cellar door or steps shall extend closer than one foot to the curb line nor more than 4 feet 6 inches onto the sidewalk of a street 50 feet or more wide, or a proportionately smaller distance onto the sidewalk of a street less than 50 feet wide; provided that if this portion of sidewalk is, in the opinion of the Department of Streets, necessary for pedestrian or vehicular traffic, such cellar door or steps shall be removed at the expense of the owner of the premises.

chase 1914–1916 Rittenhouse Square in March of 1998 and noticed the construction of steps next door at that time but did not know that they were new steps and did not know the size or extent of the steps until they were completed. Finding that the property line for Applicants' property did not extend beyond the residential building and Applicants' steps extended 12 feet onto the 17 feet sidewalk in violation of the Streets Code, the Board concluded that the building permit issued to Applicants was not valid and sustained Protestant's appeal. In its decision, the Board excused Protestant's untimely appeal finding that because he did not become aware of the size of the steps until they were completed in July 1998, and subsequently attempted to resolve the situation through an informal process, Protestant established cause to file a late appeal. Applicants then appealed to the trial court.

■ Because Protestant did not file his petition to appeal *nunc pro tunc* until September 22, 1998, more than 30 days after both the grant of the permit and the point at which he had notice, knowledge or reason to believe that the application was granted, the trial court reversed the decision of the Board concluding that Protestant's appeal was untimely. This appeal followed.[3]

■ Protestant contends that the trial court erred in dismissing his appeal *nunc pro tunc* because he established sufficient cause for the Board to permit his late appeal. Initially, he contends that he could not have possibly have taken an ap-

peal from the issuance of the building permit on September 5, 1997, within the required 30 days[4] because he did not even own the property until May of 1998. While that may be true, rights or obligations to land use type permits do not begin each time there is a new owner because these types of improvements run with the land. If the previous owner had notice of the permit and did not appeal, a new property owner did not acquire the right to attack a permit anew but was bound by the actions and knowledge of his or her predecessor in title and any notice to the old property owner would be binding on the new property owner. However, because the record is devoid of what the old property owner knew and when he knew it, only when Protestant knew about it is at issue here.

■ In that regard, Protestant contends that the trial court erred by applying the discovery standard, i.e., time begins to run from discovery of the construction, rather than the promptness standard, i.e., whether the appeal was filed promptly after discovery of the construction considering all the circumstances to determine whether his appeal was untimely. He makes this contention because the trial court relied on *Mars Area Residents v. Zoning Hearing Board of Adams Township*, 108 Pa.Cmwlth. 505, 529 A.2d 1198 (1987), a case decided under section 915 of the MPC, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10915,[5] that the time period for seeking an appeal could not be longer than the 30–day period set forth in

---

**3.** Commonwealth Court's scope of review where the trial court denies a petition to file an appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Lajevic v. Commonwealth, Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 371 (Pa.Cmwlth.1998).

**4.** The Board's Regulation No. 3 requires that an appeal be taken within 30 days of the action complained of in the petition. Likewise, Philadelphia Code Section A–803.2 requires that an appeal to the Board be taken

within 30 days of the date of the action being appealed.

**5.** Section 915 of the MPC was repealed by the Act of December 21, 1988, P.L. 1329. The time limitations on appeals to the zoning hearing board originally found in Section 915 of the MPC are now found in Section 914.1 of the MPC which was added to the MPC by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1. The text of Section 914.1 is, for all practical purposes, identical to that of the previous Section 915.

that provision of the MPC. Under that provision, an appeal must be filed within 30 days after such approval has been granted unless the person seeking to appeal that decision alleges and proves that he had no notice, knowledge or reason to believe that such approval had been given. Because the MPC does not apply to the City of Philadelphia,[6] Protestant urges us to apply a promptness standard which he contends was applied in *Graduate Hospital v. Philadelphia Zoning Board of Adjustment,* 82 Pa.Cmwlth. 374, 474 A.2d 1228 (1984). Because the Board here found that he had filed his appeal promptly, albeit not within 30 days, Protestant contends that the trial court's finding that his appeal was untimely is erroneous.

Contrary to Protestant's argument, though, *Graduate Hospital* did not create a different standard for the City of Philadelphia and local governments governed by the MPC. Both in *Mars Area*[7] and *Graduate Hospital,*[8] we quoted from and based our analysis on Ryan, *Pennsylvania Zoning Law and Practice,* § 9.4.3, which provides:

> As the cases indicate, the timing of an appeal by protestants can pose a severe problem. Neighboring property owners generally receive no notice that a permit has been issued. Their first knowledge of that fact is likely to be the commencement of construction. If protestants are to have a reasonable right of appeal, they should not be barred unless they had knowledge of the issuance of the permit in sufficient time to permit an appeal within the specified period. On the other hand, if an appeal is allowed after construction has progressed, the applicant may suffer a great loss. The (MPC) resolves the difficulty in favor of the protestant, who is permitted to exceed the 30–day appeal limit if he 'alleges and proves that he failed to receive

adequate notice' of the approval of the application.... Since there is no requirement that a zoning officer give notice of the approval of most zoning applications, the practical effect of the Code is to permit an appeal by a protestant filed within 30 days of the issuance of a permit, or promptly after the protestant learns of its issuance.

In *Graduate Hospital,* we remanded to determine when the protestors had notice but we also went on to state that that [t]hese comments, when speaking of the Municipalities Planning Code, apply with equal force to the appeal period applicable to Philadelphia. *Id.* at 1231, fn. 1, in effect, holding that Section 915 of the MPC was merely a codification of what was the law.

■ Unlike in *Graduate Hospital,* where we did not have to determine what is considered promptly after the protestant learns of [the building permit's] issuance because we did not know when protestant in that case learned of the building permit's issuance, in *Mars Area,* we went on to specifically address what promptly filed meant, holding that for an appeal to be promptly filed, it had to be filed within the same time for taking an appeal, in that case, the 30–day time period set forth in Section 915 of the MPC. In *Haaf v. Zoning Hearing Bd. of Twp. of Weisenberg,* 155 Pa.Cmwlth. 608, 625 A.2d 1292 (1993), we again held that the 30–day period for filing an appeal begins to run when the protestor becomes aware that a permit had been issued but went further and held that even though a protestor was not aware of the exact dimensions of the construction authorized by the permit, that did not serve to extend the appeal period. As noted in *Graduate Hospital,* our reasoning under the MPC cases as to the timeliness of an appeal have equal force to an appeal

---

**6.** The City of Philadelphia is not governed by the MPC. *Society Created To Reduce Urban Blight v. Zoning Board of Adjustment of the City of Philadelphia,* 729 A.2d 117 (Pa. Cmwlth.1999).

**7.** 529 A.2d at 1200.

**8.** 474 A.2d at 1230–1231.

taken in Philadelphia even though not covered by the MPC. Because Philadelphia Code Section A–803.2 requires that an appeal to the Board be taken within 30 days of the date of the action being appealed, once a person becomes aware that a permit has been issued, an appeal must filed within 30 days or it will be considered untimely.

■ In this case, Protestant purchased his property which was next door to Applicants' property in May of 1998, at which time the steps were being constructed. Even though the steps were completed in July 1998, Protestant did not file an appeal of the issuance of Applicants' building permit until September 22, 1998, approximately two months after he had actual notice that the building permit had been granted. Protestant contends, however, that his attempt to resolve the situation through an informal process is a reasonable excuse for the delay. Whether or not Protestant attempted to resolve the situation on his own does not negate the fact that he did not appeal the issuance of building permit until two months after he had actual notice that the permit had been granted and 48 days after he contacted Applicants regarding the alleged encroachment. Because the length of time between Protestant's notice of the alleged encroachment onto the public sidewalk by Applicants' steps until he filed the appeal was beyond the 30–day time limit after he was aware that the permit had been granted and an encroachment existed, the trial court did not err in denying his request for an appeal *nunc pro tunc.*

Accordingly, the decision of the trial court is affirmed.

## ORDER

AND NOW, this 26th day of October, 2000, the order of the Court of Common Pleas of Philadelphia County, No. 0496, dated December 10, 1999, is affirmed.