**BERGER & MONTAGUE, P.C.
and David Berger, Trustee,
Appellants**

v.

**PHILADELPHIA HISTORICAL COM-
MISSION, Ceebraid–Signal Corpora-
tion, St. Mark's Church, M. Mark
Mendel, Ltd., and Board of License
and Inspection Review.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 2005.
Decided Jan. 20, 2006.
Publication Ordered May 2, 2006.

Tyler E. Wren, Philadelphia, for appellants.

Jane L. Istvan, Philadelphia, for appellee, Philadelphia Historical Commission.

Neil Sklaroff, Philadelphia, for appellee, Ceebraid–Signal Corporation.

Mark M. Mendel, Philadelphia, for appellee, M. Mark Mendel, Ltd.

BEFORE: SMITH–RIBNER, Judge,
and FRIEDMAN, Judge, and
FLAHERTY, Senior Judge.

OPINION BY Senior Judge
FLAHERTY.

Berger & Montague, P.C. (Berger) appeals from an order of the Court of Common Pleas of Philadelphia (trial court) which granted the motion to quash Berger's appeal filed by Ceebraid–Signal Corporation, Ceebraid–Signal Acquisition Corporation and CSC Locust Club, L.P., (Ceebraid) from a decision of the Philadel-

phia Historical Commission (Commission) due to its untimeliness.[1] We affirm.

Ceebraid proposes to construct an eight story condominium on the 1600 block of Locust Street in Philadelphia. The property is located within the Rittenhouse/Fitler Historic District. The proposed project would involve the rehabilitation of 1618 Locust Street, demolition of a non-historic building at 1612–16 Locust Street and the erection of an eight story building. The renovation is two doors away from a historically certified building owned by Berger.

On April 13, 2004, Ceebraid filed a concept approval application with the Commission for the project.[2] The property was duly posted indicating that the application would be reviewed by the Commission's Architectural Committee on April 27, 2004 and by the Commission on May 14, 2004. The Architectural Committee voted unanimously to recommend that the Commission approve the plan. The Commission, at its meeting, voted unanimously to grant concept approval. Counsel for Berger attended the meeting but did not stay for the duration. A letter was sent to Ceebraid's counsel on May 14, 2004 informing Ceebraid of the approval.

Thereafter, St. Mark's Church filed an appeal of the concept approval to the Philadelphia Board of License and Inspection Review (Board). Berger did not file an appeal of the concept approval.

On May 12, 2004 Ceebraid filed its final approval application. On the same day, Ceebraid also docketed the necessary building permit application with the De-partment of Licenses and Inspection. Specifically, Phila. Code § 14–2007(7)(c) requires an applicant to submit a building permit application for a proposed alteration or demolition of a historic building to the Department of Licenses and Inspection and deliver same to the Commission.

The Architectural Committee recommended approval of the final approval application. The Commission then reviewed and granted the final approval application at its June 11, 2004 public meeting. Ceebraid received notice of the Commission's decision on June 15, 2004.

In accordance with Phila. Code § 14–2007(10) any person aggrieved by the issuance or denial of any permit by the Commission may appeal such action to the Board of License Inspection and Review within 15 days of the date of receipt of notification of the Commission's action. As such, the appeal period expired on June 30, 2004.

On June 29, 2004, St. Mark's Church filed a timely appeal of the final approval with the Board of License Inspection and Review pursuant to Phila. Code § 14–2007(10). The Board then informed St. Mark's that its appeals of the concept plan approval and the final plan approval would be heard together.

On July 23, 2004, counsel for Berger requested intervention in St. Mark's appeal to the Board and also filed its own late appeal with the Board alleging that it did not have knowledge of the Commission's decision. After a hearing, the Board denied the motion to intervene and also

---

1. The arguments made by Commission are incorporated with those of Ceebraid.

2. The Commission's rules and regulations set forth a two part process. A preliminary concept approval application is initially submitted by the developer for preliminary non-binding Commission review and approval.

The developer then files a separate final approval application which is submitted to the Commission for review and final approval. Both procedures involve an initial review and recommendation by the Commission's Architectural Committee.

denied the late review finding that Berger's claim as "to ignorance and surprise pertaining to the Historical Commission's process ring hollow." (Board's decision at p. 6.)

Thereafter, Berger filed three separate appeals to the trial court. The first and second appeals concerned the Board's denial of intervention and the Board's denial of the late appeal. The third appeal filed August 26, 2004 was a direct appeal of the Commission's final approval of the plan to the trial court pursuant to the Local Agency Law, 2 Pa.C.S. § 752. Although filed beyond the 30 days provided for under the Judicial Code, 42 Pa.C.S. § 5571(b), Berger claimed that it did not have notice of the Commission's decision until July 28, 2004.

In response, Ceebraid filed a motion to quash all three appeals. As to the direct appeal, Ceebraid claimed that the appeal was untimely and that Berger failed to exhaust administrative remedies. Specifically, Ceebraid claimed that in accordance with Phila. Code § 14–2007(10), Berger was required to appeal the Commission's decision to the Board of License and Inspection Review within fifteen days of the decision. Berger filed an answer stating that the Board of License and Inspection Review does not have jurisdiction to entertain an appeal from the Commission, where, as here, no permit was actually issued. Berger also maintained that he filed the appeal to the trial court within 30 days of learning of the Commission's decision and as such, the appeal was timely. Berger also provided affidavits stating that it did not have notice of the Commission's decision until July 28, 2004.

Berger informed the trial court that the affidavits presented indicated that the issue of when Berger obtained actual notice of the Commission's decision was disputed, that the issue could not be resolved on the record and that depositions and further discovery were needed. The trial court thereafter issued an order on December 7, 2004 ordering that the Commission's motion to quash be deferred for decision at the time of hearing the appeal. On December 10, 2004 the Commission filed a motion for reconsideration with respect to its motion to quash, asserting various bases other than timeliness as a reason for quashing the appeal. Thereafter, the trial court granted the motion for reconsideration.

On February 7, 2005, the trial court issued three separate orders. First, the trial court quashed the late Board appeal as untimely. The second order permitted Berger to intervene in St. Mark's appeal to the Board. The final order, quashed the direct appeal. In its opinion, the trial court quashed the appeal from the Commission's decision on the grounds of untimeliness and because the court had permitted Berger to intervene in the St. Mark appeal pending before the Board of License and Inspection Review. This appeal followed.[3]

Initially, Berger claims that a hearing was necessary to determine when Berger had notice of the Commission's decision.

There is no dispute that Berger did not file an appeal to the trial court of the Commission's decision within 30 days of its issuance. Berger claims, however, that a hearing must be conducted to determine when Berger had notice of the decision because an appeal would be timely under

3. The only order before this court is the trial court's order granting Ceebraid's motion to quash the untimely direct appeal filed by Berger. Our review in this case is limited to

determining whether the trial court abused its discretion or committed an error of law. *Tongel v. City of Pittsburgh*, 756 A.2d 707 (Pa.Cmwlth.2000).

42 Pa.C.S. § 5571(b) if, as was done here, the appeal was filed within 30 days of Berger's actual knowledge of the agency decision.

Berger maintains that the local agency appeal to the trial court was timely under 42 Pa.C.S. § 5571(b) in accordance with this court's decisions in *Oliver v. Board of License and Inspection Review*, 761 A.2d 214 (Pa.Cmwlth.2000), *petition for allowance of appeal denied*, 566 Pa. 653, 781 A.2d 150 (2001) and *Rabenold v. Zoning Hearing Board of the Borough of Palmerton*, 777 A.2d 1257 (Pa.Cmwlth.2001).

In *Oliver*, protestant appealed the issuance of a building permit to the Board of License and Inspection Review. The appeal was filed beyond the 30 day appeal period. Noting that the Municipalities Code (MPC) does not apply to Philadelphia, the court nonetheless stated that the principles of Section 914.1 of the MPC apply and the 30 day time period does not begin to run until an aggrieved party knew or should have known of the decision.[4]

Similarly, in *Rabenold*, where neighbors were unaware that a permit issued to the owner of property to renovate a funeral home also included installation of a crematory, this court stated that the 30 day appeal period to the zoning hearing board did not begin to run until the neighbors knew or should have known of the precise nature of the construction.

■ Here, given the affidavits provided by all parties, it was necessary for the trial court to conduct a hearing to determine when Berger had notice of the Commission's decision. As such, Berger maintains that a remand is necessary to determine the disputed issues of fact and also states that due process requires such a hearing. Berger relies on *City of Philadelphia v.*

*AFSCME, District Council 47*, 708 A.2d 886 (Pa.Cmwlth.1998), wherein this court held that the trial court erred in quashing the City's appeal as untimely without first conducting a hearing to resolve disputed issues of fact as to when the City received notice of the underlying award against it. Faced with the issue as to the timeliness of the City's appeal, the trial court should have conducted an evidentiary hearing to resolve the issue.

■ We agree with Ceebraid, however, that Berger's direct appeal to the trial court from the Commission's decision was required to be filed within 30 days of the decision. Specifically, in accordance with Local Agency Law, 2 Pa.C.S. § 752 "any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals pursuant to Title 42." Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b) provides that "an appeal from a tribunal or other government unit to a court ... must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." In accordance with 42 Pa.C.S. § 5572, the date of entry of the decision is "the date of service of a government unit which shall be the date of mailing if service is by mail...."

Here, the Commission granted final approval at its June 11, 2004 meeting and sent its decision to Ceebraid on June 15, 2004. As such, Berger had until July 15, 2004 to appeal to the trial court. Unlike 914.1 of the MPC, which was applicable in *Oliver* and *Rabenold*, the statute in this case, like the statute in *Residents Against Matrix v. Lower Makefield Township*, 802

---

4.  Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202. Section 914.1 was added by the Act of December 21, 1988, P.L. 1329.

A.2d 712, 715 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 572 Pa. 716, 813 A.2d 847 (2002) "does not permit late appeals for lack of notice."

In *Residents Against Matrix*, the township supervisors approved an amendment to a master plan agreement with a developer. Neighbors filed a late appeal to the trial court pursuant to Section 1002–A of the MPC alleging lack of sufficient public notice.[5] Neighbors argued that following *Rabenold*, the appeal period does not begin to run where general notice of a decision fails to provide sufficient notice of exactly what was approved.

This court quashed the appeal as untimely noting that *Rabenold* did not concern a direct appeal to the court under the Judicial Code, but was instead, an appeal of an administrative officer's decision to a zoning hearing board pursuant to Section 914.1 of the MPC. Section 914.1 of the MPC provides that appeal must be filed within thirty days "unless such person alleges and proves that he had no notice, knowledge, or reason to believe such approval has been given."

Section 1002–A of the MPC, which was applicable in *Residents Against Matrix*, expressly incorporates the 30 day appeal period of Section 5572 of the Judicial Code.[6] Thus, this court determined that pursuant to Section 5572, the 30 day appeal period began to run upon the township's mailing of the written decision to the developer. In addition, Section 1002–A of the MPC, does not permit late appeals for lack of notice and neighbors were not entitled to their own written notice of the Board's decision.

Ceebraid argues that this case and *Residents Against Matrix* involve direct statutory appeals pursuant to Section 5572 of the Judicial Code. In contrast, *Oliver* and *Rabenold* involved Section 914.1 of the MPC which applies the knew or should have known standard. Because the Judicial Code states that an appeal must be commenced within 30 days after entry of the order and does not contain the knew or should have known language of 914.1 of the MPC, we agree that *Oliver* and *Rabenold* are not controlling.

■ Moreover, to the extent that Berger claims it was entitled to written notice of the Commission's decision, we agree with Ceebraid that the Commission is not obligated to send a notice to anyone other then the applicant. In *Residents Against Matrix*, neighbors argued that they were entitled to written notice of the governing body's approval of an amendment to a master plan agreement with a developer. This court held, however, that because neighbors were not a party to the underlying approval, they were not entitled to written notice of the Board's decision. Similarly, here, Ceebraid was not a party to the underlying action and not entitled to written notice of the Board's decision. In addition, like the neighbors in *Residents Against Matrix*, Berger never sought permission to appeal nunc pro tunc before the trial court.

In addition, Berger's reliance on *City of Philadelphia* for the proposition that a hearing was required as to the timeliness of Berger's appeal is misplaced. In that case, the City was a party to the underlying matter and therefore entitled to notice as a matter of law. Here, Berger is not a

---

**5.** Section 11021–A was added by the Act of December 21, 1988, P.L. 1329.

**6.** Section 1002–A of the MPC provides that "[a]ll appeals from all land use decisions ...

shall be taken to the court of common pleas ... and shall be filed within 30 days after the entry of the decision as provided in 42 Pa.C.S. § 5572...."

party to the Commission's proceedings and not otherwise entitled to notice.

We note that given our disposition we need not address Berger's remaining arguments or those of the Commission which claims that Ceebraid failed to exhaust its administrative remedies. Nonetheless, we do note that Berger's appeal of the Commission's decision is properly brought before the Board of License and Inspection Review.

The Board of License and Inspection Review was created under Section 5–1005 of the Philadelphia Home Rule Charter which provides that the Board of License and Inspection Review "shall provide an appeal procedure whereby any person aggrieved by the issuance ... refusal ... of any City license ... shall upon request be ... afforded a hearing thereon by the Board of License and Inspection Review." Section 5–1001(a) of the Philadelphia Home Rule Charter defines a license as "any license or permit required by statute, ordinance, or regulation to be obtained from and officer, department, board or commission as a prerequisite to engaging in any activity ... or using any property...." The official notes to Section 5–1001(a) clarify that a "License is to be defined in the broadest sense as a grant of permission required from the City by private persons engaging in activities or using property subject to regulations by statute or ordinance." In accordance with Phila. Code § 14–2007(10), "any person aggrieved by the issuance or denial of any permit reviewed by the Commission may appeal such action to the Board of License and Inspection Review...."

Consequently, the proper avenue for Berger's appeal of the Commission's decision is to the Board of License and Inspection Review. We note that Berger will have an opportunity to argue its position before the Board of License and Inspec-

tion Review inasmuch as the trial court has ordered that Berger be permitted to intervene in St. Mark's appeal to the Board of License and Inspection Review.

In accordance with the above, the decision of the trial court is affirmed.

### ORDER

Now, January 20, 2006, the order of the Court of Common Pleas of Philadelphia County, in the above-captioned matter, is affirmed.