IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Slusser, Administrator of the  :
Estate of Adrian Slusser, and James  :
Slusser and Elizabeth Mancuso,  :
Husband and Wife,  :
               Appellants  :
                                      :
              v.  :  No. 2358 C.D. 2014
                                        :  Submitted: June 19, 2015
Black Creek Township Zoning  :
Hearing Board, and John Sidari and  :
Melissa Sidari, Husband and Wife  :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                 HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION
BY JUDGE LEAVITT                        FILED: September 23, 2015

       James Slusser, individually and as Administrator of the Estate of Adrian Slusser, and Elizabeth Mancuso (collectively, Objectors) appeal the order of the Court of Common Pleas of Luzerne County (trial court) affirming the denial of Objectors' land use appeal by the Black Creek Township Zoning Hearing Board (Zoning Board). In doing so, the trial court held that Objectors' appeal of the issuance of a non-conforming use certificate to a nearby landowner was untimely. We affirm on different grounds.[1]

       The subject property in this appeal, owned by John and Melissa Sidari, is located at 1618 Spruce Street, Bloomsburg, Pennsylvania (Property).

---

[1] This court may affirm the decision of the trial court on any grounds. *Belitskus v. Hamlin Township*, 764 A.2d 669, 671 n.4 (Pa. Cmwlth. 2000).

Although the Property is located in a residential zoning district where commercial uses are not permitted, it has been used for commercial purposes since the 1950s. The Sidaris purchased the Property in 2002 and have operated an excavation business there since that time. In 2005, the Sidaris applied for and received a permit to erect a pole barn on the Property to store commercial trucks and equipment in connection with their excavation business. On October 14, 2011, the Sidaris applied for a non-conforming use certificate, which the township's Zoning Officer issued on November 3, 2011.

The Estate of Adrian Slusser owns property adjacent to the Property. James Slusser and Elizabeth Mancuso, who are husband and wife, also own a nearby property. In early 2012, Objectors became concerned with increasing business operations on the Property. After hearing rumors of a possible rezoning of the Property, Objectors contacted an attorney to investigate the matter. On April 5, 2012, the attorney learned from the Zoning Officer that a non-conforming use certificate had been issued to the Sidaris in November 2011. On May 4, 2012, Objectors appealed the issuance of the certificate to the Zoning Board. At the hearing on June 19, 2012, James Slusser testified that he was raised and lived in the area until he completed graduate school. While he currently lives in West Virginia, Slusser stated that he returned to the area approximately twice a month, mostly on weekends, to visit his parents. Slusser stated that he could see the Property without any obstruction and had noticed an increase in truck movement and noise in late 2011.

On August 2, 2012, the Zoning Board dismissed Objectors' appeal as untimely, finding that they had reason to know of the approval of the non-

conforming use certificate prior to April 5, 2012. Objectors appealed to the trial court, which denied their appeal. They now appeal to this Court.

On appeal,[2] Objectors contend that their May 4, 2012, land use appeal was timely because they filed it within 30 days after they first learned on April 5, 2012, that the Sidaris had obtained a non-conforming use certificate. Objectors argue that the Zoning Board erred in determining that they had reason to know of the approval of the non-conforming use certificate before April 5, 2012.

We begin with a review of the applicable law. Section 914.1 of the Pennsylvania Municipalities Planning Code (MPC) states:

> No person shall be allowed to file any proceeding with the board later than 30 days after an *application for development*, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.

53 P.S. §10914.1 (emphasis added).[3] Section 914.1's 30-day appeal period is tolled until an objector has actual knowledge or "reason to believe" that the zoning approval at issue was granted. *Berryman v. Wyoming Borough Zoning Hearing Board*, 884 A.2d 386, 389 (Pa. Cmwlth. 2005). The objector bears the burden to

---

[2] When the trial court takes no additional evidence in a land use appeal, our review is to determine whether the zoning hearing board committed an error of law or abused its discretion. *Segal v. Zoning Hearing Board of Buckingham Township*, 771 A.2d 90, 94 n.6 (Pa. Cmwlth. 2001). A board abuses its discretion when its findings are not supported by substantial evidence. *Id.* Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *McClintock v. Zoning Hearing Board of Fairview Borough*, 545 A.2d 470, 472 (Pa. Cmwlth. 1988).

[3] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10914.1.

prove that his appeal was timely and he had no actual or constructive notice of the approval. *Haaf v. Zoning Hearing Board of Township of Weisenberg*, 625 A.2d 1292 (Pa. Cmwlth. 1993).

The Black Creek Township Zoning Code does not require a non-conforming use to be registered. BLACK CREEK TOWNSHIP ZONING ORDINANCE OF 2012 (Zoning Ordinance), §509(1) ("The Zoning Officer *may* prepare and maintain an accurate list of all nonconformities.") (emphasis added). If the property owner seeks to register a non-conforming use, the Zoning Officer must issue a certificate where there is "credible and reliable evidence that the nonconformity, although not in compliance with all applicable requirements of the zoning district in which the property is located, is lawful." ZONING ORDINANCE, §§509(2), (3).

Objectors argue that they did not have actual or constructive notice of the issuance of the non-conforming use certificate until April 5, 2012. Objectors contend that the evidence relied upon by the Zoning Board showed that they could view the Property and had observed an increase in activity. It did not show that they were aware the Sidaris had obtained the certificate. Therefore, Objectors argue the Zoning Board's findings of fact are not supported by substantial evidence. The Sidaris counter that the Zoning Board did not err in finding that Objectors had "reason to know" of the certificate because Objectors testified that they had observed an increase in the commercial use of the Property. Moreover, the Sidaris note that the non-conforming use in question has been ongoing since the 1950s.

We conclude that Objectors were not entitled to appeal the issuance of the non-conforming use certificate under the MPC; therefore, the issue of whether Objectors' appeal was timely under Section 914.1 is irrelevant. The key issue is

4

whether an application for a non-conforming use certificate constitutes an "application for development" under Section 914.1. Section 107 of the MPC defines an "application for development" as:

> every application, whether preliminary, tentative or final, required to be filed and approved *prior to start of construction or development* including but not limited to an application for a building permit, for the approval of a subdivision plat or plan or for the approval of a development plan.

53 P.S. §10107(a) (emphasis added). The purpose of a non-conforming use certificate is to document the existence of the non-conforming use, not to authorize either development or construction. As this Court has previously stated,

> [t]he mere absence of a certificate [of non-conforming use] does not deprive the landowner of his right to continue a lawful nonconforming use. Rather, in an administrative proceeding [like a zoning case], absence of a certificate generally deprives a landowner of the most efficient method of proving the existence of the use, and shifts to the landowner the burdens of proof and persuasion. In short, a certificate represents a procedural advantage, not an independent property right. Conversely, the lack of a certificate results in a procedural disadvantage and not in the loss of a property right.

*DoMiJo, LLC v. McLain*, 41 A.3d 967, 973 (Pa. Cmwlth. 2012). Because the approval of the certificate did not grant the Sidaris any additional property rights or authorize new development or construction, we hold that the Zoning Officer's issuance of the certificate was not appealable under Section 914.1.[4]

---

[4] To the extent Objectors believe that the Sidaris' excavation business has created a common law nuisance, they may pursue common law remedies. *See Mazeika v. American Oil Co.*, 118 A.2d 142, 143 (Pa. 1955) ("And, where a nuisance exists, equity may intervene to enjoin it even though there has been a compliance with zoning acts and ordinances.").

Accordingly, we affirm the trial court's order, albeit on the different grounds recited above.

 

                                        _____

                                        MARY HANNAH LEAVITT, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Slusser, Administrator of the :
Estate of Adrian Slusser, and James :
Slusser and Elizabeth Mancuso, :
Husband and Wife, :
               Appellants :
                :
         v. : No. 2358 C.D. 2014
                :
Black Creek Township Zoning :
Hearing Board, and John Sidari and :
Melissa Sidari, Husband and Wife :

## **O R D E R**

AND NOW, this 23rd day of September, 2015, the order of the Court of Common Pleas of Luzerne County dated November 26, 2014, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge