### Victor M. GARMONG,

v.

**Donna STEPHANINI, A. William Myers, Clyde Heasley, Henry Karg, Pamela Mahle, Harold Dennis Clark, Mary Clark, Cranberry Education Association, Pennsylvania Scholastic Education Association, and Cranberry Area School District.**

**Appeal of Pennsylvania State Ethics Commission.**

Commonwealth Court of Pennsylvania.

Argued May 6, 2002.
Decided July 19, 2002.

---

John M. Shugars, Harrisburg, for appellant.

Steven S. Santoro, Pittsburgh, for appellee.

Before McGINLEY, Judge, and COHN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge McGINLEY.

The Pennsylvania State Ethics Commission (Commission) appeals the order of the Court of Common Pleas of Venango County (common pleas court) that denied the Commission's motion to quash a subpoena and its request for a protective order, and further ordered the Commission to make available to the parties the file of its investigation of Garmong. The common pleas court also ordered the file be kept confidential to the extent that it may be used in litigation, but that the contents not be divulged to anyone outside of the litigation or to the media.

In August 1998, Garmong sued Donna Stephanini (Stephanini), a part-time teacher for Cranberry Area School District (District), A. William Myers (Myers), superintendent of the District, Clyde Heasley (Heasley), employed by the Office of the Pennsylvania Auditor General, Henry Karg, business manager for the District, Harold Dennis Clark, the District, Pamela Mahle (Mahle), an officer of the Cranberry Education Association (Association) and

the Pennsylvania Scholastic Education Association (PSEA), Mary Clark [1], the Association, and the PSEA (collectively, Defendants) and alleged causes of action for defamation, civil conspiracy, intentional infliction of emotional distress, and wrongful use of the Public Official and Employee Ethics Act (Act), 65 Pa.C.S. § 1101–1113, in the common pleas court.[2]

On or about May 31, 1996, Garmong received a letter from the Investigative Division of the Commission that stated that a preliminary inquiry was closed and that it reviewed an allegation that Garmong used his position as a Board member for private, pecuniary benefit. The same allegation was advanced that Santoro performed personal legal services for Garmong at District expense. The Investigative Division informed Garmong that, following a preliminary inquiry, there was no basis for a full investigation because there was insufficient evidence to support a finding of probable cause that Garmong violated the Act.

On June 13, 1996, Santoro wrote the Investigative Division and asked for a determination whether the charge against Garmong was frivolous, and if so, that the Investigative Division prosecute anyone responsible. On June 26, 1996, the Investigative Division informed Santoro that because it initiated its review on referral from another agency there was no complainant and the Investigative Division would not proceed under the Wrongful Use of Act provisions of the Act.

On October 7, 1996, because Garmong wished to appeal the determination, his counsel informed the Commission that his letter was to serve as a notice of appeal. Ultimately, the Commission determined that Garmong's appeal was untimely. This Court affirmed.

In August 1998, Garmong filed this complaint in the common pleas court. On

1. Apparently, Harold Dennis Clark and Mary Clark taught for the District.

2. Garmong alleged that in March 1995, members of the District School Board (Board), including Garmong, met and evaluated the performance of the District's athletic director, Diane Niederriter (Niederriter). On March 22, 1995, Niederriter told her friend Mahle she believed the Board wanted her resignation as athletic director. At a meeting that night, Garmong alleged that Mahle, the Clarks, the Association, and the PSEA conspired to have all members (approximately fifty-four coaches and club advisors) immediately resign from all extracurricular activities at the District high school, effectively ending those activities. On March 24, 1995, the Association and PSEA members agreed to resign. In a press release Garmong was singled out as the instigator of the demand for Niederriter's resignation. At a Board meeting on March 27, 1995, several of the Defendants spoke out against Garmong.

In March 1995, the District and the Board retained Kirkpatrick & Lockhart (K & L) as its counsel for the Niederriter situation. The attorney who provided legal services to the District on behalf of K & L is Garmong's current counsel, Steven Santoro (Santoro). When Garmong ran for reelection in November 1995, a group known as "Concerned Citizens" opposed the reelection of certain Board members including Garmong. One of the alleged tactics of the Concerned Citizens was the dissemination of the K & L invoice combined with the assertion that Garmong used K & L and Santoro for personal legal services at the expense of the taxpayers.

Heasley investigated Garmong's actions. He found nothing wrong with Garmong's and Santoro's activities but found no Board minutes or engagement letter that authorized the legal services. On November 16, 1995, the day before the Board election, Stephanini, with Myers's permission, obtained a copy of K & L's invoice to the District. Allegedly, Stephanini wrote on the invoice "paying personal lawyer with School District money" and sent a copy of the invoice, with her notes, to the local newspaper and a radio station. Garmong lost his reelection bid.

February 15, 2001, the Commission received by mail a subpoena issued by the prothonotary that directed the Commission to produce all files, documents, or things relating to an alleged preliminary inquiry or investigation of Garmong. On February 23, 2001, the Investigative Division of the Commission moved to quash the subpoena, or alternatively, requested a protective order based upon the confidentiality provisions of the Act.

After hearing, the common pleas court denied the motion. The common pleas court determined:

> In it's [sic] motion and in it's [sic] memorandum of law in support of the motion to quash and for protective order, the Pennsylvania State Ethics Commission contends that the information sought is confidential. We, however, find that in the context of the present lawsuit, the information is not confidential and should be made available to the parties in order to obtain a fair adjudication of the claims which were presented in the pleadings in this matter. Further, our reading of Section 1108 of the Act, 65 Pa.C.S.A. § 1108, causes us to conclude that the confidentiality provision, sub-

paragraph k(8), exempts a court proceeding where the plaintiff, Victor Garmong, is the subject of the proceeding. In this case, Mr. Garmong was the subject of the proceeding and, therefore, the issues as to confidentiality do not apply since it is his counsel who is requesting this information on his behalf in the judicial proceedings.

Common Pleas Court Opinion, April 3, 2001, at 1.

■ On appeal[3], the Commission contends that the Act specifically provides that the investigative files and records of the Commission are confidential, that the Act does not require the release of confidential investigative files and records to litigants in a private civil action, and that the Act provides an exclusive remedy for a bad faith complaint and that Garmong has already unsuccessfully availed himself of that remedy.[4]

■ Initially, the Commission contends that under Section 1108 of the Act all files and records relating to a preliminary investigation shall be confidential. The common pleas court determined that under the exception contained in Section 1108(k)(8)[5],

**3.** Garmong moved to quash on the basis that the Commission's appeal did not meet the requirements of a collateral order. This Court issued an order that concluded that the common pleas court order was collateral and denied Garmong's motion. Rule 313(a) of the Pennsylvania Rules of Appellate Procedure provides "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(b) provides:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Garmong next moved to dismiss the appeal on the basis that the Commission did not request a transcript from the common pleas court. The Commission responded that there was only the transcript of the oral argument. On November 15, 2001, this Court denied Garmong's motion.

**4.** Our review of the common pleas court's order that denied a motion to quash is limited to a determination of whether the common pleas abused its discretion or committed an error of law. *See Tongel v. City of Pittsburgh*, 756 A.2d 707 (Pa.Cmwlth.2000).

**5.** Section 1108(k) of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1108(k), provides in pertinent part:

> **(k) Confidentiality.**—As a general rule, no person shall disclose or acknowledge to any

Garmong had a right to any information, records, or proceedings related to the preliminary inquiry the Commission conducted concerning Garmong. The Commission argues the common pleas court misconstrued the statute. The Commission also asserts that the Act does not require the release of confidential investigative files and records to litigants in a private civil action. The Commission interprets Section 1108(k)(8) to mean that a person who is the subject of an investigation may disclose information which would otherwise be confidential. This Court agrees.

Here, Garmong was the subject of a preliminary inquiry. Without question, Section 1108(k)(8) of the Act does not foreclose Garmong from disclosing any information, records or proceedings related to the Commission's preliminary inquiry of him. However, Section 1108(k)(8) does not require the Commission to provide the subject of an investigation with its files and records pertaining to its investigation of Garmong. This Court notes that in Section 1108(k) the Commission is referred to as "the commission" and is specifically not mentioned in Section 1108(k)(8). Sec-

tion 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b), provides "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Here, it is clear that the exception to the confidentiality provisions of the Act, applies to the person who was/is the subject of a complaint, investigation, preliminary inquiry, hearing or petition for reconsideration but does not authorize the subject of the investigation to obtain otherwise confidential files and records from the Commission.[6]

In addition, Section 1108(a) of the Act, 65 Pa.C.S. § 1108(a) which addresses preliminary inquiries provides:

Upon a complaint signed under penalty of perjury by any person or upon its own motion, the commission, through its executive director, shall conduct a preliminary inquiry into any alleged violation of this chapter. *The commission shall keep information, records and proceedings relating to a preliminary inquiry confidential.* The commission shall, however, have the authority to

other person any information relating to a complaint, preliminary inquiry, investigation, hearing or petition for reconsideration which is before the commission. However, a person may disclose or acknowledge to another person matters held confidential in accordance with this subsection when the matters pertain to any of the following:

(1) final orders of the commission as provided in subsection (h);

(2) hearings conducted in public pursuant to subsection (g);

(3) for the purpose of seeking advice of legal counsel;

(4) filing an appeal from a commission order;

(5) communicating with the commission or its staff, in the course of a preliminary inquiry, investigation, hearing or petition for reconsideration by the commission;

(6) consulting with a law enforcement official or agency for the purpose of initiating, participating in or responding to an investigation or prosecution by the law enforcement official or agency;

(7) testifying under oath before a governmental body or a similar body of the United States of America;

(8) any information, records or proceedings relating to a complaint, preliminary inquiry, investigation, hearing or petition for reconsideration which the person is the subject of; or

(9) such other exceptions as the commission by regulation may direct.

6. Although the Commission refers to the legislative history of the Act, this Court need not resort to that method of ascertaining the intent of the General Assembly. *See* Section 1921(b)-(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b)-(c).

refer the case to law enforcement officials during a preliminary inquiry or anytime thereafter without providing notice to the subject of the inquiry. The commission shall complete its preliminary inquiry within 60 days of its initiation. (Emphasis added).

To construe Section 1108(k)(8) as authorizing the Commission to divulge its information and records accrued in the preliminary inquiry of Garmong in the common pleas court action directly contradicts Section 1108(a) in violation of Section 1932 of the Statutory Construction Act.[7] When the two sections of Section 1108 are construed together, it is clear that the Commission need not produce its records and information from the preliminary inquiry, and the common pleas court committed an error of law when it denied the Commission's motion to quash and a protective order.

Accordingly, we reverse and remand to the common pleas court.[8]

### ORDER

AND NOW, this 19th day of July, 2002, the order of the Court of Common Pleas of Venango County in the above-captioned matter is reversed, and this case is remanded to the Court of Common Pleas of Venango County. Jurisdiction relinquished.

---

7. Section 1932 of the Statutory Construction Act, 1 Pa.C.S. § 1932, provides:

　(a) Statutes or parts of statutes are in pari materia when they relate to the same person or things or to the same class of persons or things.

　(b) Statutes in pari materia shall be construed together, if possible, as one statute.

8. This Court need not address the Commission's remaining issues.