# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Maldonado (JT2158),                 :
                          Appellant       :
                                          :
            v.                            :
                                          :
C/O Johnson; C/O Harn;                    :
LT. R. Arnold, Security;                  :
Michael Zaken, Superintendent            :    No. 1147 C.D. 2022
SCI-Green                                 :    Submitted: April 21, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED:  September 11, 2023


Ralph Maldonado (JT2158) (Maldonado) appeals, pro se, from the Greene County Common Pleas Court's (trial court) September 20, 2022 order[1] dismissing his complaint against State Correctional Institution at Greene (SCI-Greene) Corrections Officer (CO) Thomas Johnson (CO Johnson), SCI-Greene CO Eugene Harn (CO Harn), SCI-Greene Lieutenant Richard Arnold (Lt. Arnold), and SCI-Greene Superintendent Michael Zaken (Superintendent Zaken) (collectively, Appellees) (Complaint), pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA).[2]  Maldonado presents one issue for this Court's review: whether the trial court abused its discretion by holding that his Complaint failed to state a claim upon which relief may be granted.  After review, this Court affirms.

---

[1] The trial court signed the order on September 19, 2022, and filed it on September 20, 2022.

[2] 42 Pa.C.S. § 6602(e)(2).

**Background**

Maldonado is currently incarcerated at SCI-Greene.[3] On September 6, 2022,[4] Maldonado filed the Complaint, pro se, in the trial court seeking declaratory relief, $50,000.00 per Appellee in compensatory damages, $20,000.00 per Appellee in punitive damages, and $100,000.00 in nominal damages. In his Complaint, Maldonado alleged that Appellees confiscated two boxes of legal mail his attorney had sent to him. According to the Complaint, SCI-Greene follows the Pennsylvania Department of Corrections' (DOC) policy of running mail through a scanner before giving it to the inmates.[5] Maldonado averred that the initial scan of his legal mail resulted in a hit for amphetamine; however, after the scanner was restarted, his legal mail was rescanned, and the second scan was negative. Maldonado asserted that Appellees nevertheless sent his legal mail to DOC's Bureau of Investigations and Intelligence, and that it has not been returned to him. Maldonado claims that Appellees failed to handle his personal property under their care, custody, and control with due diligence in violation of the law. *See* Maldonado Br. App. C (Complaint) ¶¶ 24-27.[6] Further, Maldonado declared that three months have passed without DOC action, and that he has exhausted his administrative remedies. Additionally, on September 8, 2022, Maldonado filed his Application to Proceed *In Forma Pauperis* (IFP Application).

---

[3] *See* https://inmatelocator.cor.pa.gov (last visited Sept. 8, 2023).

[4] The trial court acknowledged that the Complaint was undocketed, but that it was dated September 6, 2022. *See* Trial Ct. 9/20/2022 Order at 1.

[5] Section 1.D.3.k of DC-ADM 803, *Inmate Mail and Incoming Publications Procedures Manual, Section 1 - Mail Processing Procedures* reflects DOC's policy that "[u]nopened privileged correspondence is subject to K-9 air scans and x-ray imaging prior to being forwarded to the facility Security Office." *Id*. at 1-14. https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited Sept. 8, 2023).

[6] The Complaint was not included in the Original Record.

On September 20, 2022, the trial court dismissed the Complaint pursuant to Section 6602(e)(2) of the PLRA as an improper challenge to DOC's policies and procedures. Also on September 20, 2022, the trial court denied Maldonado's IFP Application. Maldonado appealed to this Court.[7, 8]

On October 19, 2022, the trial court directed Maldonado to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On October 30, 2022, Appellant filed his Rule 1925(b) Statement. On November 3, 2022, the trial court issued a statement pursuant to Rule 1925(a) adopting its September 20, 2022 order.

## Discussion

Initially, Section 6601 of the PLRA defines prison conditions litigation as:

> A civil proceeding arising in whole or in part under [f]ederal or [s]tate [l]aw with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or direction of confinement in prison.

42 Pa.C.S. § 6601. Further, Section 6602(e)(2) of the PLRA authorizes a court to dismiss prison conditions litigation when "[t]he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted[,]

---

[7] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

[8] By January 6, 2023 letter, DOC's Office of General Counsel notified this Court on Appellees' behalf that DOC "will not participate in this appeal as the matter was dismissed by the [trial court] prior to service." Jan. 6, 2023 Non-Participation Letter at 1.

or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa.C.S. § 6602(e)(2).

Maldonado argues that the trial court erred by dismissing his Complaint as a challenge to DOC's incoming privileged mail policies and procedures. Specifically, Maldonado asserts that the trial court "overthought" the Complaint and "attempted to reclassify the issue at hand." Maldonado Br. at 7. Maldonado insists that he did not challenge SCI-Greene's policies and procedures but, rather, he averred a negligence claim for "lost property in the care, custody, and control of [Appellees]." Maldonado Br. at 8. Specifically, Maldonado claims that Appellees negligently handled his legal mail, and care, custody, and control of personal property is an exception to DOC's sovereign immunity.

This Court has explained:

> Pursuant to [a]rticle [I], [s]ection 11 of the Pennsylvania Constitution, the General Assembly declared that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310.

*Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017) (footnote omitted).

> This Court determines whether a Commonwealth employee is protected by sovereign immunity by considering "whether the . . . employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the [10] exceptions to sovereign immunity."[9]

___

[9] Acts by a Commonwealth party for which liability may be imposed relate to (1) vehicle liability; (2) medical-professional liability; (3) **care, custody, and control of personal property**; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) National Guard

*Id.* at 122 (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992));

*see also* Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, commonly known as

the Sovereign Immunity Act (Act).

> Thus, "[t]o impose liability on a Commonwealth party, (1) the alleged negligent **act must involve a cause of action that is recognized at common law** or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of [the Act]. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)). [Maldonado], therefore, bore the "initial burden" of setting forth a claim for negligence against [DOC] where damages would be recoverable under the common law or a statute creating a cause of action. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether [Maldonado] would have an action in damages at common law or statute if [DOC] could not claim the defense of governmental or sovereign immunity.").

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (emphasis added; footnotes

omitted).

In order to satisfy the Act's first immunity waiver requirement,

Maldonado must have pled a cause of action involving negligence recognized under

the common law or a statute. *See Young*. To assert a valid negligence action, a

plaintiff must plead the following: (1) that the defendant had a duty or obligation

recognized by law; (2) that the defendant breached that duty; (3) that a causal

connection exists between the defendant's conduct and the resulting injury; and (4)

actual damages. *Page v. City of Phila.*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011).

---

activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* Section 8522(b) of the Judicial Code, 42 Pa.C.S. § 8522(b).

This Court addressed whether an inmate pled a valid negligence claim in *Hitner v. Pennsylvania Department of Corrections* (Pa. Cmwlth. No. 281 M.D. 2022, filed August 8, 2023).[10, 11] In *Hitner*, this Court determined that the inmate failed to plead the necessary facts to support his negligence claim when he did not allege facts that suggested the defendants had a duty to safeguard the inmate's property, which duty they subsequently breached. The *Hitner* Court further ruled that the inmate failed to allege the necessary facts to support his damages claim. Specifically, the *Hitner* Court explained: "[The inmate] had to plead more than the loss of his property. He also had to plead facts that he suffered an injury and 'actual damages.'" *Id.*, slip op. at 6 (quoting *Page*, 25 A.3d at 475).

Here, Maldonado did "not specifically allege that [Appellees] had a duty to [Maldonado] and that they breached that duty." *Hitner*, slip op. at 6. Maldonado alleged that CO Johnson and CO Harn "knowing that [Maldonado's] property[,] once rescanned[,] cleared all security measures, failed to release [his] property[.]" Complaint ¶¶ 24-25. However, these factual allegations do not state or define a legal duty owed by CO Harn and CO Johnson to Maldonado, or a breach thereof. Similarly, relative to Lt. Arnold and Superintendent Zaken, Maldonado did not allege that they received or handled his mail, that they had a duty to safeguard it, or that they breached any such duty. Rather,

> the gravamen of [Maldonado's] allegations in this case against [Lt. Arnold and Superintendent Zaken] relate[d] to the handling of the grievance that he filed related to his mail . . . . However, there is no cause of action for the mishandling of an inmate's grievance. *See Samuels v.*

---

[10] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported cases cited herein are cited for their persuasive value.

[11] This Court acknowledges that *Hitner* involved preliminary objections; however, the same sovereign immunity analysis applies.

> *Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed Nov. 17, 2014). Therefore, to the extent that [Maldonado's] Complaint can be understood to assert that [Lt. Arnold and Superintendent Zaken] negligently handled his grievance, . . . [Maldonado's] Complaint failed to state a claim upon which relief could be granted [against them].

*White v. Walter* (Pa. Cmwlth. No. 1341 C.D. 2019, filed Feb. 9, 2021), slip op. at 12-13.

Further, Maldonado has not pled facts to support his claim that he sustained actual damages. Maldonado asserted that CO Harn and CO Johnson confiscated his legal mail, *see* Complaint ¶¶ 10-11, and after three months he has still not received his legal mail. *See* Complaint ¶ 18. "To maintain an action for negligence, [Maldonado] had to plead more than the loss of his [legal mail]." *Hitner*, slip op. at 6. Accordingly, Maldonado did not plead all of the common law negligence claim elements necessary to satisfy the first immunity waiver requirement.

## Conclusion

Because Maldonado did not satisfy the first immunity waiver requirement, the trial court properly dismissed the Complaint. *See Young.* For all of the above reasons, the trial court's order is affirmed.[12]

_____
ANNE E. COVEY, Judge

---

[12] This Court may affirm a trial court['s order] based on a differing rationale. *See Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 (Pa. Cmwlth. 2015) (stating this Court may affirm the decision of the trial court on any grounds); *see also FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 (Pa. Cmwlth. 2017) . . . (stating this Court may affirm on other grounds where grounds for affirmance exist).

*Medina v. Harrisburg Sch. Dist.*, 273 A.3d 33, 35 n.1 (Pa. Cmwlth. 2022).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ralph Maldonado (JT2158),       :
          Appellant    :
                           :

         v.              :
                           :

C/O Johnson; C/O Harn;      :
LT. R. Arnold, Security;      :
Michael Zaken, Superintendent  :    No. 1147 C.D. 2022
SCI-Green                 :

## O R D E R

AND NOW, this 11th day of September, 2023, the Greene County Common Pleas Court's September 20, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge